[The following opinions were retained upon petitions for re-hearing, and did not come into my hands in time for insertion in their chronological order.— REPORTER.]

## NEILSON v. GILBERT.

| 69 | 691 |
|---|---|
| 100 | 211 |

| 69 | 691 |
|---|---|
| 113 | 303 |

| 69 | 691 |
|---|---|
| 115 | 10 |

**1. Master and Servant**: NEGLIGENCE OF FELLOW SERVANT: LIABILITY OF MASTER. The proximate cause of the injury of which plaintiff complains was the falling of a derrick on account of the neglect of a fellow servant to fasten a guy rope. *Held* that plaintiff could not recover of the master, who had cautioned the men never to let go a guy line, after untying it, until it had been tied again.

*Appeal from Warren Circuit Court.*

THURSDAY, JUNE 4, 1885.

ACTION for a personal injury. There was a trial by jury. After the plaintiff introduced his evidence, the defendant moved the court to direct a verdict for the defendant. The motion was sustained, and the plaintiff appeals.

*Bryan & Bryan*, for appellant.

*Nourse & Kauffman*, for appellee.

ROTHROCK, J.—The plaintiff was in the employ of the defendant as a laborer, assisting in the erection of a building in the city of Des Moines. He belonged to a gang of men engaged in raising iron columns upon the building and placing them in proper position. The columns were of such weight that machinery was necessary to raise them upon the building and put them in the proper place. This machinery consisted of a derrick made of three pieces of timber fastened together at one end, and diverging so that at the other

end two of the timbers were separated about four and a half feet, while the other extended out from the two about fourteen feet. A block and tackle was suspended from the apex of the derrick, which was operated by windlass, which was framed into the timbers which were about four and a half feet apart. This apparatus was placed upon the building at the proper place, and when one column was raised and placed in position the machinery was moved along to the place for raising and setting another column. In order to keep the derrick in a vertical position, two guy ropes were attached to the top and stretched in opposite directions. After setting a column, the men composing the gang had taken their places to move the derrick to the next place, when the foreman of the gang, seeing a pile of lumber in the way, directed the men to first move the lumber out of the way. Before this direction was given one of the men had untied one of the guy ropes. Instead of securing the rope, he laid it down and went towards the pile of lumber to assist in removing it. The derrick almost immediately tipped over, and in falling struck and injured the plaintiff.

The negligence complained of by plaintiff was that the derrick was defective in its original construction; that there was an insufficient number of men to do the required work with reasonable safety; and that the foreman ordered the men away from the derrick and failed to secure it properly.

We do not think it is at all necessary to consider the questions as to whether or not the derrick was properly constructed, or whether the force employed was insufficient to properly perform the work. The plaintiff received the injury by reason of the falling of the derrick, and the immediate and proximate cause was the unfastening of the guy rope. All other alleged facts of negligence were remote, and not immediately connected with the injury. The evidence shows beyond any controversy that the derrick would not have fallen if the guy rope had not been untied and left unsecured. This was the fault and negligence of a fellow-servant of the

plaintiff, for which there can be no recovery. The evidence is explicit that the men had been cautioned never to lét go of a guy line, after untying it, until it was tied again. This caution was well understood by the men engaged in the work, and the direction to remove the lumber was not a command to the man at the guy rope to leave it unfastened.

There are many adjudged cases involving the question as to what are and what are not the proximate causes of injuries. We have no occasion to review such cases in this opinion. It seems to us that a mere statement of the facts of the case completely demonstrates, in view of all that has been written upon the subject, that all alleged negligent acts, back of the act of leaving the guy rope unfastened, are remote, not proximate, and cannot be made the basis of a recovery. See *Bosch v. Burlington & M. R. R. Co.*, 44 Iowa, 402; *Dubuque Wood & Coal Ass'n v. Dubuque*, 30 Id., 176; *Lewis v. Railroad Co.*, 54 Mich., 55; Whart. Neg., §§ 137–143.

AFFIRMED.