E. G. ROLLINS and Another v. EMMET RICE.[1]

February 27, 1895.

No. 9061.

**Insolvent Law—Nonresident—Carrying on Business in State.**

Assuming that a nonresident debtor owning property in this state cannot make an assignment under our insolvency laws, because of the provisions of G. S. 1894, § 4227, unless he has carried on business within our borders, and, consequently, that a receiver cannot be appointed for his estate in accordance with G. S. 1894, § 4240 (Laws 1881, c. 148, § 1, as amended), no hard and fast rule can be formulated for determining whether he has carried on such business.

**Same.**

On the facts of this case, it is *held* that the debtor, a nonresident, had carried on business of such a nature and character as to bring him within the terms of G. S. 1894, § 4227, and to make it incumbent upon him, under our insolvency laws, to execute an assignment of his property for the benefit of his creditors within ten days after a part thereof had been levied upon on attachment.

**Same—Foreign Assignment.**

*Held,* further, that it was immaterial, in proceedings for the appointment of a receiver of his estate, that it was made to appear that he had made an assignment for the benefit of creditors in the state of his domicile, before the property here was attached.

**Same—G. S. 1894, § 5183, Inapplicable.**

G. S. 1894, § 5183 (Laws 1885, c. 169, § 1), has no application to proceedings for the appointment of a receiver in insolvency.

Petition by Emmet Rice for the appointment of a receiver for the property of Alfred J. Goss. From an order of the district court for Ramsey county, Kelly, J., appointing a receiver, E. G. Rollins and another, attaching creditors, appealed. Affirmed.

*Christensen & Goebell*, for appellants.

*L. K. Merrill*, and *Spooner, Sanborn, Kerr & Spooner*, for respondent.

COLLINS, J.    This appeal is from an order of the district court for Ramsey county appointing a receiver for the property of one

[1] Reported in 62 N. W. 325.

Alfred J. Goss, under the provisions of Laws 1881, c. 148, as amended by Laws 1889, c. 30 (G. S. 1894, §§ 4240–4254). The appellants are creditors of Goss, who, prior to the filing of the petition, attached real estate owned by him in Hennepin county, in this state, while respondent is the petitioning creditor. The order was based upon certain facts found by the court, and it is the contention of appellants' counsel that, from these facts, it affirmatively appears that the district court for Ramsey county had no jurisdiction to appoint such receiver. Briefly stated, the facts were that Goss was a nonresident engaged in the banking business at Hudson, in the state of Wisconsin, and an insolvent. He owned certain real estate in Washington county, Minnesota, and for many years has collected rents for the use therefor. He was also the owner of an undivided half interest in other real property situated in the counties of Ramsey, Hennepin, Dakota, and Polk, in the state of Minnesota. He held mortgages upon real estate in the county last mentioned, and when the petition was filed these mortgages, and the notes thereby secured, were a part of his assets. One Bartlett was the tenant in common with Goss of the land in Hennepin county, and for about nine years these men had been engaged in buying, selling, and improving this and other property in the same county on joint account. They had mortgaged real property to residents of this state to raise money, had collected rents, and had paid taxes. The business was personally conducted by Bartlett, and at stated intervals he reported and accounted to Goss for the proceeds of their joint business transactions,—a partnership in fact. Goss had also for many years made loans for himself to residents of this state, had erected houses upon his real estate, and had done and performed other acts necessary and convenient in holding, buying, selling, leasing, and mortgaging his real property situated in Minnesota.

1. As Goss was a nonresident, it is urged by counsel for appellants that from these facts, shown by the petition and found by the court, it conclusively appears that he was not, and never had been, engaged in business in this state, and consequently could not have made an assignment, under the terms of our insolvency laws. Hence that his failure to do so within the time specified, after his property here had been levied on by virtue of the writ of attachment, afforded no ground for the consideration of the petition or the appointment

of a receiver. The language of Laws 1881, c. 148, § 1, as amended (G. S. 1894, § 4240), is very broad and comprehensive. "Any" debtor having become insolvent, or against whom garnishment proceedings have been instituted, or whose property has been levied on by virtue of a writ of attachment, execution, or other legal process, may make an assignment; while the title of the legislative act itself clearly indicates that it was designed to reach and provide for all insolvents who voluntarily or involuntarily make preferences, and also for all insolvent debtors whose property is being appropriated by legal process to the payment of debts. There is not a word in the act of 1881, or in the amending statute of 1889, which confines the operation of our insolvency laws to residents of this state; but, by this remark, we do not wish to be understood as holding, or even intimating, that every nonresident property holder is within its provisions. We are not compelled to decide that question to determine the appeal, for, conceding that through Laws 1881, c. 148, § 7 (G. S. 1894, § 4246), this case is governed by the provisions of G. S. 1894, c. 41 (the general assignment law), § 4227, and that a nonresident cannot make an assignment in this state unless he comes strictly within that section, we have no hesitation in saying that Goss had carried on sufficient business in Minnesota to warrant his making a deed of assignment, and its proper filing in the office of the clerk of the district court of Hennepin county, at least. No hard and fast rule can be formulated by which to determine to what extent or how a nonresident must engage in business within our state to authorize or warrant his assignment under our statute, and we shall not attempt it. Certain it is that he need not be engaged in ordinary trade, buying and selling personalty, nor need he be conducting the business in person, nor can it be of consequence that he is actively engaged in business in another state. If these are correct propositions why was not Goss carrying on business in our state, within the meaning of the assignment law? He bought and sold real estate just as he might have bought and sold personal property, with the expectation of realizing a profit. He improved his holdings, built and leased houses, and collected rents. He held notes of residents secured by mortgages upon real property in this state. His transactions with Bartlett created them copartners in the real-estate business. His business dealings and connections

were of such a nature and character as warranted and required him to make an assignment under the laws of this state within the period specified by statute after the levy of the attachment.

2. We need not inquire into the effect of the assignment made by Goss in Wisconsin prior to attachment of his property here by appellants, and, of course, prior to the filing of respondent's petition for the appointment of a receiver. Under our views, it was his duty to assign under our statute, and hence it is immaterial that he had actually assigned in another state. The requirements of the Minnesota insolvency laws are plain and positive in cases coming within them. Whether the Wisconsin assignment could have any extraterritorial effect we need not discuss.

3. As before stated, the proceeding was in the district court for Ramsey county, in which county Goss had real property subject to attachment. Appellants' counsel argue with much zeal that, because the effect of the appointment of a receiver will be to set aside and vacate the attachment made by their clients on Goss' property in Hennepin county, this is an action for the determination of a right or interest in real estate in said county, and therefore the Ramsey county court had no jurisdiction over the subject-matter, under the provisions of G. S. 1894, § 5183 (Laws 1885, c. 169, § 1). This is not an "action" in the ordinary sense of the word. It is an insolvency proceeding, special in its nature, and, if real property is involved, it is merely incidentally or collaterally so. Rights or interests in attached real estate are not involved in the hearing of a motion for the appointment of a receiver, any more than they are on the hearing of the ordinary motion to set aside and vacate the levy of an attachment upon the ground that the writ was irregularly or improvidently issued. In either case, favorable action results in the wiping out of the lien created by the levy. Section 5183, supra, has no sort of application. The place for the commencement of the proceedings is fixed by G. S. 1894, § 4244.

Order affirmed.