FRANK TROKA, Appellant, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

**Fellow Servant:** NEGLIGENCE. An employe operating a machine in defendant's machine shops, is a fellow servant of a machinist engaged in placing shafting, though the same foreman did not have control over them.

NEGLIGENCE OF MASTER. If the master furnishes suitable trestles and planking for the erection of a scaffold, to enable a fellow servant of plaintiff to place shafting, plaintiff, who was at work near where the scaffold was erected, cannot recover for injuries received on account of a plank falling from the scaffold by reason of the failure of the fellow servant to fasten it, whereby it slipped because of a ladder used to mount the scaffolding which was placed against it, instead of the trestle, though the ladder was crooked, and was so placed because it stood firmer, where there were other ladders the servant could have used, which were in perfect order.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

THURSDAY, DECEMBER 10, 1896.

ACTION at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. At the conclusion of the evidence for the plaintiff, the court sustained a motion of the

defendant for a verdict, and judgment for costs was rendered in its favor. The plaintiff appeals.—*Affirmed.*

*Rickel & Crocker* for appellant

*S. K. Tracy* for appellee.

Robinson, J.—In April, 1894, the plaintiff was an employe of the defendant, engaged in operating a bolt machine in its shops, at Cedar Rapids. Shafts, on which were fixed pulleys, for u. e in running various machines, were fastened near the ceiling of the room in which the plaintiff was at work. A machinist, named Wilde, in the employment of the defendant, was putting up a counter-shaft near the place where the plaintiff was operating his machine, and, to accomplish that purpose, used two trestles, on which were placed two planks. Each trestle was about four feet wide, and seven feet long at the base, two feet six inches wide, by three feet four inches long at the top, and thirteen feet high. The trestles were placed seven or eight feet apart, and each of the planks which rested upon them was ten or twelve feet in length, twelve inches in width, and one and three-fourths in thickness. They were laid on the tops of the trestles, three or four inches apart, and, with the trestles, constituted a scaffold on which the work of putting up the counter-shaft was being done. The top of the scaffold was reached by means of a ladder, eighteen feet in length, which was so placed that its upper end rested partially against the top of one of the trestles, and partially against one of the planks. Wilde was assisted in the work by an employe of the defendant, named Kouba. He was nineteen years of age, and usually operated a lathe, but was required to aid Wilde by carrying onto the scaffold, ropes, bolts, and other articles which were

needed, and by removing them, and in other ways. In rendering such assistance, he ascended and descended the ladder several times. At one time, while he was descending it, the end of the planks against which it was in part leaning, slipped off the trestle and fell, and the end of one of them struck the plaintiff on the back part of his head, as he was working at his machine, and inflicted a serious injury. For that he seeks to recover. The grounds of the motion for a verdict were stated as follows: "The injury is the result of a mere accident, and not caused by any negligence of the defendant; and if any one was negligent, causing the accident, it was the plaintiff's co-laborers and employes, for which defendant is not liable for damages to the plaintiff."

The motion is not based on negligence on the part of the plaintiff, and the case must be treated on the theory that he did not in any manner contribute to the accident of which he complains. It is the well settled rule in this state, as it is at common law, that a master is not liable for personal injuries to a servant, caused by the negligence of a fellow servant, acting as such, while both are engaged in the same common employment. *Wilson v. Quarry Co.*, 77 Iowa, 430 (42 N. W. Rep. 360); *Peterson v. Mining Co.*, 50 Iowa, 673; *Sullivan v. Railroad Co.*, 11 Iowa, 421. See, also, 1 Shearer & R. Neg. section 180. Section 1307 of the Code, has created an exception in favor of employes of railway corporations when injured through the negligence of co-employes in the use and operation of any railway, but this case is not within that exception. The plaintiff, Wilde, and Kouba were fellow servants, engaged in the same general employment. It is true that the plaintiff was not subject to the immediate supervision of the foreman who had control of the

other two, but that fact was immaterial. *Bier v. Railroad Co.* (Ind. Sup.) (31 N. E. Rep. 471).

It is urged by the appellant that this case does not fall within the rule stated, but is governed by the rule which requires the master to provide his servants with a safe place in which to work, and to furnish suitable machinery and appliances with which to do the work, and holds the master liable for injuries which result from his failure to perform that duty. There is no serious disagreement with regard to these rules, but the important question to be determined is, under which of them does this case fall? In *Fink v. Ice Co.*, 84 Iowa, 322 (51 N. W. Rep. 155), relied upon by the appellant, the plaintiff was injured by reason of defects in an ice slide and trestle-work on which he was employed. The plaintiff in *Haworth v. Manufacturing Co.*, 87 Iowa, 766 (51 N. W. Rep. 68, and 62 N. W. Rep. 325), was injured by reason of a defect in a platform on which he was working. The ice slide and trestle-work, in one case, and the platform used in the other, were furnished by the masters, who were charged with the duty of using reasonable care to make them safe, and the masters were held responsible for failing to perform that duty. In the case of *Railroad Co. v. Holcomb* (Ind. App.) (36 N. E. Rep. 39), it appeared that the defendant in error was injured while working for the railway company as car repairer, in consequence of the failure of the company to give notice of the approach of an engine on the track where he was at work. It was held to be the duty of the company to exercise reasonable care to make and keep safe the place where the car repairer was at work, and that the failure of its employes to give the required notice of danger was the failure of the company, for which it was responsible. The case of *Railway Co. v. Baugh*, 149 U. S. 368 (13 Sup. Ct. Rep. 914), also relied upon

by the appellant, did not decide any question involved in this case; and that is true of the case of *Morton v. Railroad Co.* (Mich.) (46 N. W. Rep. 111).

The charge of negligence made by plaintiff is that the scaffold was negligently constructed, of materials which were not suitable or safe; that the defendant failed to furnish proper materials for it; that the planks were not properly fastened to the tops of the trestles to prevent slipping; that the ladder furnished was warped, crooked, and unsafe; that a young and inexperienced workman was placed upon the scaffold, without instruction with respect to the proper manner of using it,—"by reason of all of which the place of the plaintiff's work was rendered unsafe, and plaintiff was endangered." The evidence shows that the trestles were strongly built, and so heavy that four men were required to put them in place. They had been used about the shop for years, in putting up shafting, and in doing other work. The planks were new, of sufficient strength, and in good condition. The scaffold was made as had been customary for doing that kind of work, and no accident from its use in that manner had ever occurred before. It had been in use about eight hours on the day in question before the accident occurred. The only appliance used in connection with the scaffold which is claimed to have been defective was the ladder. That was selected by Wilde from several which were available for the purpose, and was set up by him. It was warped and a little crooked. Wilde, who testified in part with the aid of an interpreter, stated that the ladder stood more firmly on account of the crook if leaned in part against the planks, and, in answer to one one question, stated that it was so set because of that fact. But an examination of his entire testimony shows that it could be used more conveniently if one side rested against the planks, and

it was so placed, at least partly, for that reason. The best and safest way to set the ladder was to lean the upper part wholly against the top or platform of the trestle, and there is no showing that it could not have been so set and used without difficulty. Had that been done, the accident could not have occurred. Wilde was an experienced mechanic, accustomed to putting up and repairing shafting, and he had charge of the scaffold and ladder. Kouba had never been on the scaffold before, but his duties while engaged upon it were merely those of a common laborer, and did not require any special preparation. It is argued that he should have been instructed in the proper use of the ladder, but it is not shown that he used it improperly. So far as the facts are disclosed by the evidence, the accident did not result from any defect in the trestles, planks, or ladder, nor from any failure to construct the scaffold properly, but from an improper and unnecessary setting of the ladder by Wilde. He was directed by the defendant to do the work in which he was engaged, but was not instructed in regard to the particular method in which it should be done. He caused the trestles to be set and the planks to be placed upon them in his own way, and selected the ladder in question. All the appliances thus used, belonged to the defendant, and were designed for any use to which they were adapted. They were well made, of good material, and in good condition, and, so far as is shown, were suitable for the use to which Wilde applied them, and were safe when properly used.

The conclusion is unavoidable that the accident was due to negligence on Wilde's part. It is true that if the planks had been properly fastened to the trestles, or had there been a barrier or other contrivance on the platform of the trestle, to prevent the slipping of the planks, the accident would not have happened. But it was not, however, the duty of the defendant to

furnish appliances for the use of its employes of such a kind that accidents would be impossible, but to provide those which, in the exercise of due care, could have been used with reasonable safety. *Young v. Mattress Co.*, 79 Iowa, 416 (44 N. W. Rep. 693). It was not necessary for the defendant to have anticipated the accident which happened, but to exercise reasonable care and diligence, in the light of all existing circumstances, to guard against accidents. *Beatty v. Railway Co.*, 58 Iowa, 248 (12 N. W. Rep. 332). If the scaffold and ladder had been properly used, they would not have made the place where the plaintiff was employed unsafe. It is true that the negligence of Wilde made that place a dangerous one, but it is also true, in the same sense, that every place in which an employe is injured in consequence of the negligence of a co-employe is made dangerous by that negligence. In *Neilson v. Gilbert*, 69 Iowa, 691 (23 N. W. Rep. 666), it appeared that the plaintiff and others were employed by the defendant as laborers in raising iron columns upon a building, and placing them in position with the aid of a derrick. One of the men so employed loosened a guy rope when it should not have been done, and, in consequence, the derrick fell, and struck and injured the plaintiff. It was contended by him that the derrick was improperly constructed, and that there was not a sufficient number of men to do the required work with safety; but this court held that the proximate cause of the accident was the loosening of the guy rope, which was negligently done by a fellow servant, and for that reason the plaintiff could not recover. In *Benn v. Null*, 65 Iowa, 407 (21 N. W. Rep. 700), it appeared that the plaintiff was injured by the fall of a scaffold on which he was at work for the defendant. The latter had furnished suitable material for it, and co-employes of the plaintiff selected material for and constructed the

scaffold without any direction from the defendant, and in his absence. It was held that the plaintiff was seeking to recover for the negligence of a co-employe, and that he could not recover. In *Cunningham v. Mills Co.* (Mass.) (26 N. E. Rep. 235), it appeared that the plaintiff was a mason, engaged in constructing the foundation for a machine, to be erected on the defendant's premises. A carpenter and his helper had erected a staging but a short distance away, to enable machinists to put up hangers and shafting. A block, or scantling had been placed but not fastened, on the top of a horse on which the planks were laid. When the machinists had finished their work, the staging was taken down. Two men, one a helper of the machinists, and the other a helper of the carpenter, dragged the horse away, and, in doing so, it was tipped, and the block fell upon the plaintiff's head. It was held, in effect, that the defendant was not liable for the accident, and that it was caused by the carelessness of the laborers in removing the staging. The plaintiff in *Van Den Heuvel v. Furnace Co.* (Wis.) (54 N. W. Rep. 1016), was injured by the breaking of a plank, over which he was helping to carry charcoal for the defendant, by whom he was employed. The plank had been selected by a fellow workman, from a pile of planks which had been furnished by the defendant for different purposes, including that for which the broken plank had been used. Some of those planks were strong enough for that purpose. It was held that the defendant was not liable, because the plank was selected by a co-employe of the plaintiff. In *Ling v. Railway Co.* (Minn.) (52 N. W. Rep. 378), it appeared that the plaintiff had been injured by the breaking of a hook, which was being used in the raising of the flue sheet of a locomotive engine, into its proper place. The hook had been selected from other and suitable ones lying about the shop, and commonly

used for similar purposes, but was defective, and that fact would have been disclosed by a proper examination. It was held, that as the defendant had furnished proper and safe hooks, which might have been selected for use in raising the flue sheet, it was not responsible for the negligence of a co-employe of the plaintiff, in selecting a defective one. See, also, *Wood v. Heiges* (Md.) (34 Atl. Rep. 872).

The conclusion which the authorities require us to reach is that this case is not governed by the rule which controlled in the *Fink* and *Haworth Cases*, and in others of like character, but that the injury which the plaintiff sustained was caused by the negligence of a co-employe, for which the defendant is not liable. The superior court, therefore properly directed a verdict for the defendant, and its judgment is AFFIRMED.