## BENN v. NULL.

1. **Master and Servant**: INJURY BY NEGLIGENCE OF FELLOW SERVANT: LIABILITY OF MASTER: EVIDENCE. Plaintiff, a carpenter, sued defendant, a contractor and his employer, on account of an injury received by falling from a defective scaffold; but, it appearing that the scaffold was erected by a fellow servant, the defendant not being present, and there being no evidence that defendant was negligent in the employment of unskillful workmen, or in failing to furnish suitable materials with which to erect the scaffold, *held* that no recovery could be had, and that the trial court properly directed a verdict for defendant.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 11.

The plaintiff is a house-carpenter, and the defendant is a carpenter, contractor and builder. In 1883 the plaintiff was in the employ of the defendant, working by the day, and engaged with other employes of defendant in building a one-story house for one Brown. While plaintiff was standing upon a scaffold engaged at work, the scaffold gave way, and plaintiff fell a distance of about five feet to the ground, and was injured. He brought this action to recover damages of the defendant for the injury. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*George W. Wilson* and *J. B. Young*, for appellant.

*Mills & Keeler*, for appellee.

ROTHROCK, CH. J.—After the introduction of the evidence, the court directed the jury to return a verdict for the defendant; and the question presented is whether there was any evidence in the case which would warrant a jury in finding the defendant liable for the injury. The evidence shows that the defendant contracted with Brown to furnish all labor and materials for the construction of the house. Brown was a carpenter in defendant's employ. The defendant furnished

suitable and sufficient materials for the erection of the house, and intrusted the supervision of the whole work to Brown, who remained in his employ, working by the day with other employes of defendant. Defendant had other contracts, and was absent most of the time. Without any direction from Null, and in his absence, and without his knowledge, Brown and another employe selected the materials, and built the scaffold in question. There was suitable material on the ground for the scaffold, and no complaint is made of the materials used, and the evidence shows, without conflict, that Null is not chargable with negligence in employing unskillful mechanics to work upon the building. The plaintiff was employed by Null, and sent to the building to work, and the scaffold fell, and he was injured on the second day after he commenced to work. It is very plain that the plaintiff is seeking to recover of his employer for an injury received by reason of the negligence of a co-employe. This he cannot do. If Null was not chargable with negligence in the employment of unskillful workmen, or in failing to furnish suitable materials with which to erect the scaffold, he is not liable. There is no evidence of such negligence, but, on the contrary, it is shown beyond question that he was not negligent in these respects.

The circuit court did not err in directing a verdict for the defendant. Wood, Mast. & Serv., §§ 410, 411, 437, 452.

AFFIRMED.