J. K. BARNICLE v. A. H. CONNOR & Co., Appellants.

**Fellow Servants.** A foreman was directing plaintiff, an employe, in the moving of a column and told plaintiff to let go of it, and do something else, himself taking plaintiff's place. As plaintiff turned to leave, the column rolled and struck him. *Held* that, as to the particular act causing plaintiff's injury, the foreman was a fellow servant, and hence plaintiff could not recover from the master for the foreman's negligence.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

THURSDAY, JANUARY 18, 1900.

ACTION at law to recover for personal injuries. Judgment for plaintiff. Defendants appeal.—*Reversed.*

*Powell & Harmon* for appellants.

*Jamison & Smyth* for appellee.

SHERWIN, J.—The plaintiff is a carpenter, and was employed by the defendants to work on a building they were erecting. While helping to move a large iron column, he was injured. The negligence complained of is charged

in the petition in substantially the following language: "The plaintiff was holding the column, when Homer Wells, the foreman of the defendants, undertook to take his place in holding the column, and commanded the plaintiff to let go of it, and get the cleats. The plaintiff obeyed said command, and let go of the column, when the defendants negligently and carelessly allowed or permitted the column to roll and fall, and it struck plaintiff, and knocked him down, falling on his legs, injuring both of them, and crushing the left leg to such an extent and in such a manner as to permanently cripple and disable the plaintiff." The defendants were building contractors, and were engaged in erecting a large building at Cedar Rapids, Iowa. One Homer Wells was employed by them. He was a carpenter, and was the foreman of the carpenter force at work on the building in question. The plaintiff and the other carpenters were under his direction and control as to their work, but he had no power to hire or discharge them. He was present, directing and assisting in the movement of the column which inflicted the injury to the plaintiff. The plaintiff, in his testimony, says that quite a number of persons assisted in that work, and that he and Mr. Wells put the dolly under the column, and that immediately thereafter Mr. Wells directed him to block the column, so that it would not roll; that he (plaintiff) told Mr. Wells that it would roll if he let go of it, and that Mr. Wells then took hold of the column with both hands, and said, "Go, and do as I told you;" that the plaintiff then let go, and just as he was turning around, the column rolled and struck him. The defendants are not charged with furnishing improper or imperfect machinery or material for the work in question; nor are they charged with negligence in the employment of Wells. The sole complaint is that Wells negligently permitted the column to roll after he had taken hold of it. The contention of the plaintiff is that Wells was a vice principal, and that defendants are liable for his negligence.

Whatever may have been the extent of Wells' power and control over the men at work on this building, it is clear that the act alleged to be negligent was the act of a fellow servant, and not that of a vice principal. Wells was at the time attempting to hold the column that plaintiff had a moment before left. He was performing the identical work that plaintiff had been doing,—work which might have been done by a servant of the lowest rank. It was the work of a servant, and did not pertain in any way to any personal duty the defendants owed to the plaintiff as their employe. Such being the case, it is well settled that no liability attached to the principal. *Newbury v. Manufacturing Co.* 100 Iowa, 444; *Benn v. Null,* 65 Iowa, 407; *Coke Co. v. Peterson,* 136 Ind. 398 (43 Am. St. Rep. 329, 35 N. E. Rep. 7); *Ell v. Railroad Co.* 1 N. D. 336 (26 Am. St. Rep. 625, 48 N. W. Rep. 222, 12 L. R. A. 97). The motion to direct a verdict for the defendants should have been sustained.— REVERSED.

GRANGER, C. J., not sitting.