FRANK G. SCOTT, Appellee, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Master and Servant:** NEGLIGENCE OF VICE-PRINCIPAL. An instruction in a personal injury case that the employer is answerable to all the underservants for the negligence of a vice-principal, either in his personal conduct within the scope of his employment, or in his selection of other servants, is faulty, as failing to distinguish between acts done in the performance of the master's duty to the servant and acts done in discharge of a duty which the master might properly commit to another without liability for negligence; the employer being liable for the negligence of a vice-principal only when the latter is engaged in the performance of some of the employer's personal duties.

**Plea and Charge:** PERMANENCY OF INJURIES. An instruction in a personal injury case directing the jury to consider the fact that plaintiff's injuries were permanent, and that he would suffer loss of time in the future, is erroneous in the absence of allegations in the petition justifying it.

*Appeal from Taylor District Court.*—HON. HORACE M. TOWNER, Judge.

THURSDAY, APRIL 11, 1901.

ACTION at law to recover damages for personal injuries received by plaintiff while engaged in the construction of a bridge on defendant's line of road. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Cummins, Hewitt & Wright* and *W. E. Miller* for appellant.

*Flick & Jackson* for appellee.

DEEMER, J.—While engaged with other men in work preparatory to the erection of a stone abutment for the support of an iron span of a bridge on defendant's line of road, plaintiff was injured by the falling of an end of a piling that he was engaged in sawing off near the bottom of the pit in which said piling was driven. It is claimed that the end of piling was negligently and carelessly pushed by one of the men (McLean, defendant's bridge superintendent) in such a way that it fell upon and injured plaintiff; that McLean was a vice principal or *alter ego* of the defendant, who owed plaintiff a duty; and that defendant is responsible for his negligent act,—while defendant insists that McLean was a fellow servant of plaintiff, for whose act it is not responsible. There is no claim that the case falls within the provision of section 2071 of the Code; and the principal question in the case is, was McLean a fellow servant of plaintiff, for whose acts defendant is not responsible, or was he a vice principal representing the defendant in what he did, and for whose acts defendant is liable? The exact charge of negligence is "that on said day while engaged in sawing off a piling fifteen inches in diameter and about fourteen feet long, that had been driven into the ground in the bottom of a pit about twelve feet deep, which said piling was being cut off at the bottom of said pit preparatory to building an abutment to the bridge, and after the plaintiff and another employe of defendant had sawed the said piling almost off, the said McLean, bridge superintendent and vice principal of defendant, carelessly and negligently pushed and kicked said piling just sawed off as aforesaid, and caused the same to fall over and upon the plaintiff." The evidence

shows that McLean was bridge superintendent, that he had power to and did employ and discharge men, and that he directed the foreman of each gang of men as to where he should work and what he should do. He was not required to do manual labor, although he sometimes voluntarily assisted the men in their work. McLean denied on the witness stand that he pushed the timber, but, as there was a conflict of this proposition, we must accept it as true that he did the act complained of, and that it was negligently done, to the damage of plaintiff. Bearing on the defendant's liability for the act, the court instructed the jury as follows:

"It will be noted that the plaintiff seeks to make the defendant company responsible for the acts of the said McLean. Before he will be entitled to this, he must prove by a preponderance of the evidence that said McLean was at the time, and was acting at the time, as a vice-principal of the defendant. It will not be sufficient to show that the said McLean was merely a fellow servant. If that is all that is shown, there can be no recovery. The vice-principal is a person to whom the employer commits the entire charge and management of its business in this particular regard, with power to choose his own assistants and to control and discharge them as freely and as fully as the principal itself could. The employer is liable and answerable to all the underservants for the negligence of such a managing assistant, either in his personal conduct within the scope of his employment, or in his selection of other servants. If in the case at bar you find that at the time complained of the said McLean had the entire charge and management of the defendant's business in the building of bridges within the district, and that he had power to choose his own assistants and to control and discharge them as freely as the defendant itself could, you would be justified in finding said McLean was a vice-principal, within the meaning of the law; and if you find the act complained of was one within the scope of his duties as such superintendent,

and one which he might have directed done by another, then you would be justified in finding the act one for which the principal would be responsible. If you do not find these things established by the evidence, your verdict should be for the defendant." The instruction is erroneous, for the reason that it fails to recognize the distinction between acts done in the performance of the master's duty to the servant and acts done in discharge of a duty that the master might properly commit to another without liability for negligence. A master is liable for the negligence of a superior servant when the servant is engaged in the performance of some of the master's personal duties, but not otherwise; and it is the character of the work, rather than the rank of the servant, that controls. The duties that may not be delegated to another are well understood, and need not be reiterated. They are stated in a general way in *Newbury v. Manufacturing Cc.,* 100 Iowa, 441. See, also, *Barnicle v. Connor,* 110 Iowa, 238. The instruction in question fails to recognize this distinction. It makes the defendant liable provided the act was within the scope of of McLean's employment, although it was as the work of a mere servant, and did not in any manner pertain to the duty that defendant owed to the plaintiff. A servant may act in the dual relation of vice-principal, representing the master, and as a co-servant with other employes. Whether or not the act in question was such an one as might be delegated depends on the character of the work and the nature of the duty that is owing the party injured. There is no claim that the act was willfully done, and no charge in in the petition that defendant failed to furnish plaintiff a safe place in which to work, or with suitable appliances for performing his work. The sole charge is that McLean, as vice-principal, negligently pushed the piling in such a manner that it fell and injured the plaintiff. Moreover, the charge of the court does not proceed on the theory that McLean was engaged in the performance of his master's duty, but on the sole ground that he was acting within the scope of his employ-

ment. That part of the instruction which says that if the act was one within the scope of the employment of the superintendent, and one which he might have directed done by another, then the act was one for which the principal would be responsible, is clearly erroneous. The superintendent might have directed the work of any of plaintiff's co-servants, but this fact would not authorize a finding that in that work he became a vice-principal, for whose act defendant would be responsible. Plaintiff claims some support for the instruction in *Chicago, M. & St. P. R. R. Co. v. Ross,* 112 U. S. 377 (5 Sup. Ct. Rep. 184, 28 L. Ed. 787). It is sufficient to say of that case, even if it be an authority for his contention, that it has been overruled by the court that rendered it in *New England Co. v. Conroy,* 175 U. S. 323 (20 Sup. Ct. Rep., 85, 44 L. Ed. 181), and is no longer regarded as an authority. *Donnelly v. Bridge Co.,* 117 Cal. 417 (49 Pac. Rep., 559), is much like the one at bar, and the rules we have announced are very clearly stated in the opinion. We are of the opinion that the case is ruled by the *Newbury* and *Barnicle Cases,* hitherto cited.

II. Without allegation in the petition that plaintiff's injury was permanent, or that he would suffer loss of time in the future, the court, in its instructions, directed the jury to consider these items, in the event it found for the plaintiff. This was also a prejudicial error which calls for a reversal of the case. For the errors pointed out, the judgment is REVERSED.