HENRY GEESEN v. JAMES SAGUIN, Appellant.

Injury to Servant: NEGLIGENCE OF FELLOW SERVANT: *Court and jury.* Plaintiff, an employe of defendant, was injured while pulling down piles supporting a bridge. Plaintiff and another employe sawed the piles nearly through at their base, and other employes pulled them over westward by means of a guy rope attached to the top. The pile in question, on being pulled over, fell across the end of a beam lying diagonally northeast and southwest on a pile of earth, causing the other end of the beam to fly up and hit plaintiff, who was from four to six feet northeast of the base of the falling pile. The foreman of the gang was at the guy rope, but was not in a position to know when the pile was ready to be pulled over. *Held*, error for the court to sub-mit to the jury whether plaintiff's injuries were caused by the negligence of the men at the guy rope, in failing to notify plaintiff when they were about to pull; all of them, including the foreman, acting only as co-employes of plaintiff.

CONTRIBUTORY NEGLIGENCE: *As matter of law.* Plaintiff was injured by a pile, which he had helped to saw nearly through at the base, being pulled over so as to strike one end of a beam lying on a pile of dirt, in such a manner as to cause the other end of the beam to fly up and strike plaintiff. He had knowledge of the beam being there, and had assisted in turning it to give more room to work in. *Held*, that the danger causing the injury was in leaving the beam in such position, and that plaintiff was guilty of contributory negligence therein.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

## MONDAY, OCTOBER 21, 1901.

ACTION to recover damages for personal injuries received by plaintiff while in the employ of defendant, alleged to have been due to the negligence of defendant, consisting in the failure to notify plaintiff of danger whereby plaintiff received the injuries complained of, without negligence on his part. Judgment on verdict for plaintiff, from which defendant appeals.—*Reversed.*

*I. R. Andrews* and *Flickinger Bros.* for appellant.

*Jacob Sims* for appellee.

McCLAIN, J.—The following brief statement of the facts will serve as a sufficient basis for the discussion of the questions of law involved in the appeal. Defendant, as contractor, had in charge the removal of certain piling in Fourteenth street, Omaha, supporting a bridge on which the Union Pacific Railroad crossed the street, and which was being replaced with an iron structure. The piles which were being removed at the time of the accident were on the east side of the street, and the method pursued was to saw them nearly through just above the ground and pull them over westward by means of a guy rope attached to the top and held by men who were placed about 30 feet west of the base of the piles. At the time of the accident plaintiff and another employe of defendant had been sawing off

one of the piles, and two men holding the guy rope pulled the pile over, causing it to fall across the end of a beam which lay diagonally northeast and southwest in the street upon a pile of earth in such way that the falling pile, striking the southwest end of the beam, caused the other end to fly up and hit plaintiff, who was from four to six feet northeast of the base of the falling pile, and inflict upon him serious physical injuries. Counsel on either side discuss very ably and with the citation of many authorities the question whether, if there is a custom to give warning of danger in such case, which custom is known to defendant, or a duty growing out of the nature of the work to give such warning in order to render the place where the employe is working a safe place for him to work, and the employer charges an employe with the duty of giving such warning, the negligence of the employe charged with such duty will be considered the negligence of the principal, rendering him liable for resulting injury to another employe, or whether the negligence of the employe charged with this duty will be considered the negligence of a co-employe of the one injured, for which the employer will not be liable. We find it unnecessary to decide this interesting question, for we believe it not to be involved in the determination of this appeal. Out of four grounds of alleged negligence on which plaintiff relied the court instructed the jury that they should consider but one, to wit, "the failure to give plaintiff warning of, the pulling down of the pile in question by the employes holding the forward guy rope." There was no evidence of any custom by which warning should be given by the men holding the guy rope, nor did the nature of the case make it the duty of the employer to see to it that warning should be given by them. They could not be in a situation to know when was the proper time for pulling over the pile. That must depend on the progress of the sawing at the base of the pile. So far as there was any evidence on the subject, it tended to show a custom which would be in accordance with reason

under the circumstances, that the men sawing at the base of the pile should give notice directly to the men holding the guy rope, or to an overseer, who should notify the men at the guy rope when the pile was ready to be pulled over. On this particular occasion there was, as plaintiff well knew, no overseer in charge of the work to give notice to the men at the guy rope when to pull. If the failure to provide such an overseer constituted negligence on the part of defendant, then plain. by continuing in the employment with knowledge of this omission, assumed the risk incident thereto, and cannot complain. Had there been an overseer, and had the men holding the guy rope negligently pulled without receiving notice to do so, then their wrongful act would have been that of co-employes of plaintiff, for which he could not recover. In the absence of the overseer the men at the guy rope were still co-employes. If they pulled without notice from the employes at the base of the pile, their negligence in doing so was negligence of co-employes. A case might be imagined—and many cases of the kind are cited—in which the duty to give warning would be involved in the duty to provide a safe place, and where this duty might be imposed on a co-employe in such a way that it might be contended that his failure to discharge the duty was directly to be imputed to the principal; but the evidence makes no such case in this instance and the court erroneously left it to the jury to say whether the negligence of the men at the guy rope in failing to notify plaintiff when they were about to pull was the cause of plaintiff's injury. See *Adams v. Snow,* 106 Wis. 152 (81 N. W. Rep. 983); *Hussey v. Coger,* 112 N. Y. 614 (20 N. E. Rep. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787); *Neilson v. Gilbert,* 69 Iowa, 691; *Trcka v. Railroad Co.,* 100 Iowa, 205. It matters not that one of the men at the guy rope was foreman of the gang. He was not, as foreman, under the circumstances, charged with the duty of giving warning, as plaintiff well knew, for he was not in a position to know, nor supposed to know, when the pile was ready to be pulled over. What he did as one of the

men engaged in the work was done simply as co-employe It is well settled that the acts of a foreman will be only acts of a co-employe, where no duty as vice principal devolves upon him. *Newbury v. Manufacturing Co.,* 100 Iowa, 441, 448; *Barnicle v. Connor,* 110 Iowa, 238; *Scott v. Railroad Co.,* 113 Iowa, 381; *Northern Pac. Co. v. Peterson,* 162 U. S. 346 (16 Sup. Ct. Rep. 843, 40 L. Ed. 994); *Cleveland, etc. Railroad Co. v. Brown,* 20 C. C. A. 147 (73 Fed. Rep. 970); *Balch v. Haas,* 20 C. C. A. 151 (73 Fed. Rep. 974); *McGinty v. Reservoir Co.,* 155 Mass. 183 (29 N. E. Rep. 510). We are inclined to think that, without conflict, the evidence showed that notice to the men at the end of the guy rope that the pile was ready to be pulled over was given by plaintiff or his co-employe engaged with him in sawing. We are also strongly impressed with the view that the real danger from which injury to plaintiff resulted consisted in leaving the beam which was diagonally in the street in such a position that the falling pile might strike the adjacent end of it so as to cause the other end to fly up. If so, plaintiff was guilty of contributory negligence, for it appears from his own testimony that he knew all about its being there, and that he had assisted in turning it over so that he could more readily proceed with the work. But, without elaborating these matters, it is sufficient to say that the court erred in the instruction above referred to, and that the judgment must be REVERSED.