Andrew McQueeny, Appellant, v. The Chicago, Milwaukee & St. Paul Railway Company.

**Railroads:** INJURY TO EMPLOYE: ASSUMPTION OF RISK. Where an
1 employer, or those representing him, furnishes a reasonably safe place to work, reasonably safe tools, and reasonably competent fellow laborers, then the employe assumes the risk of the employment. Under this rule a railway company is not liable for injuries to an employe caused by the caving of a bank beside which the employe is at work, where the same was due to the nature of the soil, which is apparent.

**Liability of Employer:** CO-EMPLOYE: RANK: NEGLIGENCE. Liability
2 bility of an employer for the negligent act of a foreman does not depend on the difference in rank but on the nature of the employment. If engaged in something which might have been done by another employe, rank is immaterial, and the general rule as to co-employes is applicable.

*Appeal from Sac District Caurt.*—Hon. Z. A. Church, Judge.

Wednesday, May 20, 1903.

Action to recover damages for personal injuries received by plaintiff while in defendant's employ from the caving in of a gravel bank, about which he was engaged, assisting in the operation of a steam shovel. At the conclusion of plaintiff's evidence the court, on motion, directed a verdict for defendant, and from judgment on such verdict the plaintiff appeals.—*Affirmed.*

*R. L. McCord, Jr.,* and *Chas. D. Goldsmith* for appellant.

*J. C. Cook* and *H. Loomis* for appellee.

McClain, J.—The evidence for plaintiff showed with-out conflict that plaintiff was employed to work around the steam shovel as a laborer, and that he had had consid-erable experience in that situation; that in the operation of the steam shovel it was not an unusual occurrence for the chain to get off the pulley at the end of the boom or movable part of the crane, and that when it did so it was a part of the duty of plaintiff to assist in replacing it, and that at the time of the accident of which plaintiff com-plains the chain had got off this pulley, and one Curry, who was foreman of the defendant, in charge of the work, called upon plaintiff to assist in replacing the chain upon the pulley; that in doing so plaintiff went part way up the slope of the bank from which gravel was being excavated by means of the steam shovel, and was pulling upwards on the chain, assisting other employes in making the chain slack at the top so that it could be replaced on the pulley, when a portion of the top part of the bank which was above plaintiff fell and injured him. · The evidence also tended to show that the fall of the portion of the top of the bank which caused the injury was caused, to some extent at least, by the fact that Curry, the foreman, stood there assisting to pull up the chain, another employe be-ing with him in that position for the same purpose, and that the falling down of the bank was also due to the nature of the bank itself, which consisted in part of a stratum of sand below a layer of hard clay, which consti-tuted the top portion; and that the nature of the bank was open to the observation of all the employes who were engaged in the work.

The argument of counsel for appellant is based on the contention that there was negligence on the part of the defendant in two respects: First, that Curry, the fore-man in charge of the work, did not cause the steam shovel to be removed to a place which would be a safe one for

replacing the chain on the pulley; and, second, in the act of Curry in standing on the bank above plaintiff, thereby causing a peril to plaintiff in the position which he took in assisting to handle the chain. These two forms of alleged negligence are substantially considered together as constituting a breach of the duty of the defendant to furnish a safe place for the plaintiff to work.

The cases relied upon by counsel for plaintiff are those in which the familiar doctrine is announced that the duty to use reasonable care in furnishing a safe place for the employe is not discharged merely by the employment of reasonably competent persons to make the place safe, but that the employer will be liable for negligence of the employes to whom this duty is intrusted. The cases cited are those in which it is found that the employe has in the course of his employment been called upon to use defective tools or appliances furnished him for the purpose (*Hough v. Railroad Co.*, 100 U. S. 213 [25 L. Ed. 612]; *Hill v. Southern Pac. Co.*, 23 Utah, 94 [63 Pac. Rep. 814]) or to go on or about trestlework, or scaffolding, or staging insufficiently constructed (*Fink v. Des Moines Ice. Co.*, 84 Iowa, 321; *Haworth v. Seevers Mfg. Co.*, 87 Iowa, 765; *Smizel v. Odanah Iron Co.*, 116 Mich. 149 [74 N. W. Rep. 488]) or to work in a place attended with peculiar danger known to, or which should have been known to, the employer, and not known to the employe (*Stahl v. Duluth*, 71 Minn. 341 [74 N. W. Rep. 143]; *Pioneer Fireproof Const. Co. v. Howell*, 189 Ill. 123 [59 N. E. Rep. 535]).

But we think that cases of this character have no application to the one now before us. When the employer, or those representing him, has provided a place which is

1. INJURY to employe: assumption of risk. reasonably safe in itself, and has furnished reasonably safe tools and appliances and reasonably competent fellow workmen, then the risk incident to the progress of the work as carried on by the employes is assumed by virtue of the employment, and

for an injury received in the prosecution of the work in such place with such appliances and in connection with such fellow workmen the employe cannot recover from the employer. *Atchison, T. & S. F. R. Co. v. Moore*, 29 Kan. 632; *Ross v. Walker*, 139 Pa. 42 (21 Atl. Rep. 157, 159, 23 Am. St. Rep. 160); *Lindvall v. Woods*, 41 Minn. 212 (42 N. W. Rep. 1020, 4 L. R. A. 793); *Marsh v. Herman*, 47 Minn. 537, (50 N. W. Rep. 611); *Anderson v. Daly Min. Co.*, 16 Utah, 28 (50 Pac. Rep. 815); *Oleson v. Maple Grove Coal & Min. Co.*, 115 Iowa, 74; *Bergquist v. Minneapolis*, 42 Minn. 471 (44 N. W. Rep. 530); *Cleveland C. C. & St. L. R. Co. v. Brown*, 20 C. C. A. 147 (73 Fed. Rep. 970). In determining the liability of the employer under such circumstances it has been well said that the important consideration is "whether the structure, appliance, or instrumentality is one which has been furnished for the work in which the servants are to be engaged, or whether the furnishing and preparation of it is of itself a part of the work which they are employed to perform"; and accordingly it was held that, where workmen were engaged in the business of piling lumber, the fact that a defective board was made use of in furnishing a step in the side of the pile, on which one of the employes stepped, thus receiving an injury, did not render the employer liable. *Fraser v. Red River Lumber Co.*, 45 Minn. 235 (47 N. W. Rep. 785).

There has been some conflict in the authorities as to the liability of an employer for the negligent acts of the foreman working with other employes in the prosecution 2. Liability of employe; co-employe: rank: negligence. of the work in which they are all engaged, but the rule which has the support of the great weight of authority is that the liability of the employer for the negligent act of the foreman does not depend on difference of rank between the foreman and the other employes, but upon the nature of the act itself—as to whether it is one in connection with which

the foreman is engaged with the other employes in pros-ecuting a common undertaking. If he is in fact a co-employe as to the thing done, which is something which might have been done by another employe, then difference of rank is immaterial, and the general rule as to co-employes is applicable. *Baltimore & O. R. Co. v. Baugh*, 149 U. S. 368 (13 Sup. Ct. Rep. 914, 37 L. Ed. 772); *New England R. Co. v. Conroy*, 175 U. S. 323 (20 Sup. Ct. Rep. 85, 44 L. Ed. 181); *Okonski v. Pennsylvania & O. Coal Co.*, 114 Wis. 448 (90 N. W. Rep. 429); *Deep Min. & D. Co. v. Fitzgerald*, 21 Colo. 533 (43 Pac. Rep. 210); *Knutter v. New York & N. J. Tel. Co.*, (N. J. Err. & App.), 52 Atl. Rep. 565, (58 L. R. A. 808). We have unqualifiedly announced that this is the rule to be recognized and applied in such cases. *Newbury v. Getchel & M. Lumber & Mfg. Co.*, 100 Iowa, 441; *Barnicle v. Connor*, 110 Iowa, 238, *Geesen v. Saguin*, 115 Iowa, 7. In the application of this rule it has been held that, where safe tools and appliances have been provided, the use of an unsafe tool or appliance by an employe at the suggestion of the foreman will not render the employer liable. *Maher v. Thropp*, 59 N. J. Law, 186 (35 Atl. Rep. 1057); *Cleveland C. C. & St. L. R. Co. v. Brown*, 20 C. C. A. 147 (73 Fed. Rep. 970). It is scarcely necessary to add the further suggestion that, where the danger is equally apparent to the employe and the foreman in charge of the work, the employer will not be liable for any failure of the foreman to give warning to the employe with reference to such danger. *Larson v. McClure*, 95 Wis. 533 (70 N. W. Rep. 662).

In view of these well established principles, we have no difficulty in reaching the conclusion that, if the injury was due to the nature of the bank which was being excavated, and which was equally apparent to all the workmen engaged about it, the employer is not liable; that, if the accident resulted from the act of Curry in standing on top of the bank, then his negligence was that of a co-

employe, for at the time he was simply engaged with the other employes in pulling up the chain for the purpose of replacing it upon the pulley; and that as to the contention that the steam shovel might have been removed to a safer place for the purpose of replacing the chain upon the pulley there is no evidence that it was in general unsafe to attempt to replace the chain in such a situation as that where the work was being done, nor that, in the exercise of reasonable care, it was necessary to move the steam shovel or put the crane in a different position every time that the chain came off the pulley or there was similar diffi- culty in carrying on the work which was being prosecuted.

Finding no error in the action of the trial court, the judgment is AFFIRMED.