HENRY L. BERGMAN, Appellant, v. FRANK W. ALTMAN.

Master and servant: NEGLIGENCE: EVIDENCE. In an action by a
    servant for injury alleged to have resulted from the negligent
    construction of a scaffold, the evidence is reviewed and held
    insufficient to establish the master's negligence, and to author-
    ize a directed verdict for defendant.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-
NELL, Judge.

TUESDAY, JULY 11, 1905.

ACTION to recover damages.    Verdict was directed for
defendant, and judgment entered thereon.    The plaintiff
appeals.— *Affirmed.*

*Lyon & Lyon,* for appellant.

*Hurd, Lenehan & Kiesel,* for appellee.

LADD, J.— The defendant, having obtained plans and

specifications for a house on his farm, near Dubuque, arranged with a contractor to furnish men to do the work at the wage of thirty cents an hour each. This was all the contractor was to do. He employed men, and they proceeded to erect the building without a foreman. The only instruction given by defendant was to erect the house according to the plans. The frame was up, and also the scaffolding, when plaintiff was added to the force and began work, sheathing the rafters and making a dormer window. He then undertook to put on the cornice. With him on the scaffold was one Nicks, and after they had worked an hour or two the board nailed to the building, called the "lookout," and extending out to the upright, and on which the plank where they were standing rested, gave way, precipitating them to the ground, ten feet below. The plaintiff was seriously and permanently injured. The grounds of negligence alleged are; (1) that the lumber furnished for the staging was inferior, unsound, shaky, unfit, and decayed, and not strong enough; (2) the unskillful manner in nailing the lumber together; and (3) erecting the house without a superintendent or overseer. If there was no evidence tending to establish at least one of these grounds, the verdict was rightly directed. The lookout was a 6-inch board, one inch thick, which extended four feet from the building to the upright scantling, and some distance on the building. Plaintiff knew nothing of its character, and testified that it split in two on the building. Another witness thought it broke about eighteen inches back from the corner of the building. There was no evidence whatever tending to show that the nailing was defective, though appellant insists that breaking eighteen inches from the corner indicates that no nails were driven in the board between the place where it broke and the corner. But there was no showing that nails should have been driven there, and the testimony that "the staging was built as stagings are usually built" was undisputed. Nor was there anything to indicate that the accident resulted from having

the work performed without an overseer.   Complaint is made that no inspection of the lumber was made.   If it had been, there is nothing in the record tending to show that the defect would have been discovered.   Nicks testified that the lookout board was " good lumber.   There was nothing wrong with the piece, that I saw."   And " Altman had nothing to do with building this scaffold, or with picking out the material that went into it."   Frommelt, who, with Wagner, erected the scaffold, testified that the board was a new board, No. 1, and was good lumber.   Wagner said:   " I picked out this piece of lumber.  It was No. 1 fencing.  That is the kind used in making these scaffolds.   The character of this lumber was good.   Nothing about it that was rotten.   It was a new board."   This evidence was offered by plaintiff, and no doubt is raised as to its correctness.   It is said that the fact that the staging fell was " conclusive evidence that the fence board was not fit for the purpose," but the mere happening of an accident is not proof of negligence in such a case, and the apparent fitness of the board was affirmatively shown. Again, appellant suggests that it was negligence to use six-inch fencing.   Possibly, but witnesses called by him were of contrary opinion.   No one was able to account for the cause of accident, farther than that a board broke; and, in the absence of any evidence of negligence, the court rightly directed a verdict for plaintiff.   See *Benn v. Null,* 65 Iowa, 407.

Exception is taken to some rulings on the admissibility of evidence, but, as these had no bearing on the controlling question decided, there is no necessity for their consideration. — *Affirmed.*