George McGuire, Appellant, v. Waterloo & Cedar Falls Union Mill Company.

Master and servant: NEGLIGENCE: VICE PRINCIPAL. A vice principal
1 may, as to the particular work in which he assists, be only
a co-employé; but in so far as he represents the employer in

the discharge of duties resting upon the employer with reference to the safety of an employé, his negligence is not that of a fellow-servant but that of the principal.

Same: SAFE APPLIANCES. A vice principal representing his employer must take reasonable precaution to see that tools furnished an employé for performing a work involving his safety are adequate and sufficient.

Same: PROXIMATE CAUSE. Where a workman is charged with no duty in the selection of tools with which he is directed to work and has no knowledge of their sufficiency or safety, it is not the defective appliance but the direction to work in the dangerous position made so by use of the defective appliance, which is the proximate cause of an injury received while so employed.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, NOVEMBER 19, 1907.

REHEARING DENIED TUESDAY, FEBRUARY 18, 1908.

Action to recover damages for injury received by plaintiff while in defendant's employ and alleged to have resulted from defendant's negligence. At the close of the evidence the court sustained defendant's motion to direct a verdict in its favor, and, from a judgment on such directed verdict, plaintiff appeals.— *Reversed.*

*Boies & Boies* and *Edwards & Longley,* for appellant.

*Miller & Williams* and *Mullan & Pickett,* for appellee.

McCLAIN, J.— At the time when the accident to plaintiff occurred, resulting in the injury for which he seeks to recover damages in this action, the defendant corporation owned and was operating a water power flouring mill at Cedar Falls. Plaintiff was in their employ about the mill, acting in general as salesman and in the shipping of the product, Some changes in the building were at that time in progress,

and as this interfered to some extent with the regular operation of the mill, plaintiff was directed by the president of the company to assist the men about the work of remodeling whenever he could. The principal work in connection with which plaintiff was injured was the removing of some timbers which had constituted the " husk frame " designed to support the millstones and their gearings in the days of stone milling, but which had been superseded by other machinery. These timbers were directly over the flume. One Lemmer was in charge as superintendent of the mechanical department of defendant's business and in general supervision of the running of the mills. Under him the work of removing these timbers was being carried on. On the morning of the day of the accident, some workmen had removed one of the timbers by means of a chain fastened around it and hooked to a rope and pulley tackle, by means of which it had been elevated from its place. When Lemmar arrived that morning to take personal charge of the work, these men, with the assistance of plaintiff, were taking away the timber which had been raised and the uprights which were connected with it. By Lemmer's direction the men who had already been engaged in raising the first timber attached the tackle to the second timber, or " bent," by the same chain which they had used in raising the first timber, and proceeded, with Lemmer's help, to raise it from its position so that it also might be removed. After it had been raised some little distance, one end of it caught at the side of the building and Lemmer directed plaintiff, who had not been assisting in the raising of this " bent," to go to the end of the timber and release it from the obstruction by pulling it towards him. While plaintiff was endeavoring to do so, the chain broke, and the fall of the timber precipitated plaintiff forward to the bottom of the flume, causing him to sustain serious and permanent injuries for which he seeks to recover damages. The evidence tends to show that the chain which broke was old and somewhat worn, and that it was not of sufficient

strength, from these defects, and also on account of its size, to be safely used to sustain so great a weight, and that it had been selected by the workmen, before Lemmer's arrival and before plaintiff was engaged in this particular work, from other chains furnished by defendant, some of which were larger and amply sufficient for the purpose.

The negligence alleged was in using a chain which was defective and insufficient to support the weight of the timber which was to be lifted by it, and in using the chain in a careless and negligent manner without inspection and without knowledge which might have been acquired by the exercise of reasonable care that such chain was defective and insufficient. It was further alleged that defendant through its superintendent and vice principal carelessly and negligently directed plaintiff to go into a hazardous position to work without knowledge on his part of the inadequacy and insufficiency of the chain, the breaking of which was likely to cause him injury. Plaintiff pleaded, also, his own freedom from contributory negligence. By answer the defendant pleaded a general denial, and specifically alleged assumption of risk by plaintiff. The grounds on which a directed verdict was asked in favor of defendant were that all who were engaged in raising this timber were for the time being co-employés; that, as defendant furnished sufficient appliances, the selection of an insufficient chain was the negligence of one of such employés causing the injury without fault of defendant; and that plaintiff assumed the risk of the negligence of his co-employés which resulted in injury to him.

Without elaboration of the well-known rules of law frequently announced by this court applicable to analogous states of fact, it is sufficient that we indicate briefly the rules

1. Master and servant: negligence: vice principal.

of law applicable to the situation of the parties which in our opinion are controlling. Lemmer was unquestionably the vice principal, that is, the representative of the defendant in control of the work, with authority to direct plaintiff as to

what he should do in connection therewith, and bound to discharge any duty toward plaintiff which rested upon defendant as employer. It is true that one who stands in relation to the work as vice principal may, as to the operation actually carried on in which he assists, be only a co-employé as to others engaged in the same particular undertaking. *McQueeny v. Chicago, M. & St. P. R. Co.,* 120 Iowa, 522; *Benn v. Null,* 65 Iowa, 407; *Scott v. Chicago G. W. R. Co.,* 113 Iowa, 381; *Geesen v. Saguin,* 115 Iowa, 7; *Collingwood v. Illinois & Iowa Fuel Co.,* 125 Iowa, 537. But so far as he represents the employer in the discharge of duties resting upon the employer with reference to the safety of the employé, his negligence is not the negligence of a fellow servant, but the negligence of the employer.

The immediate danger in which plaintiff was placed with the result that he was injured, arose from his undertaking to loosen the end of the timber from the side of the building while the timber was supported by an insufficient and defective chain, and this danger was one to which he was subjected by the direct order of Lemmer. Plaintiff had had nothing to do with the selecting of the chain, and we think that in directing plaintiff to put himself into this position, which was evidently dangerous if the chain was insufficient, Lemmer representing his employer as vice principal, owed to plaintiff the duty of exercising reasonable care to see that the appliances in use, any defect in which would be likely to result in injury to plaintiff, were adequate and sufficient. In short, it was Lemmer's duty to take reasonable precautions as vice principal to see that the support of this timber, the fall of which would imperil the plaintiff in performing the directed service, was adequate. Lemmer took no such precautions. If he had inspected the chain and exercised such judgment with reference thereto as his employer, charged with the duty of seeing that plaintiff had a safe place to work, was bound to exercise, he would have known, as the evidence tends to show, that

2. Same: safe appliances.

the chain was insufficient and that plaintiff would be put in danger by attempting to perform the directed service. Under these circumstances, it was for the jury to say whether there was negligence on the part of Lemmer, as vice principal, with which the defendant was chargeable, resulting in injury to plaintiff.

As it seems to us, the rule which relieves the employer from liability where adequate tools are furnished and available to the employés and they select those which are inadequate has no application here. It was not the selection by the workmen of a defective or insufficient chain which approximately caused plaintiff's injury, but the direction to him to work in a position which was dangerous by reason of a defective or insufficient chain; the sufficiency of the chain being a matter as to which the employer was bound to exercise competent care and supervision, but as to which plaintiff was charged with no duty and possessed of no knowledge.

3. SAME: proximate cause.

We reach the conclusion that the evidence tended to show negligence on the part of defendant resulting in the injury of which plaintiff complains, and that, therefore, the case should have been submitted to the jury for their verdict.

The judgment of the trial court is therefore *reversed*.