JOHN FREEBOURN, AS NEXT FRIEND OF JAMES FREEBOURN, Appellant, v. CHAMBERLAIN MEDICINE COMPANY.

**Master and servant:** NEGLIGENCE OF FELLOW SERVANT. A master is 1 not liable for the acts of a servant, on the theory that he is a vice principal, when in the discharge of duties which may properly be committed to another.

**Employment of minors:** CARE. Where plaintiff sixteen years of 2 age had been employed by defendant for six months, knew that contact with broken glass was liable to inflict injury and fell upon a broken bottle and was injured, his age is not material in the sense that the master should not expose young and inexperienced workmen to injury.

*Appeal from Polk District Court.—* HON. W. H. MCHENRY, Judge.

WEDNESDAY, NOVEMBER 20, 1907.

SUIT to recover for a personal injury. There was a directed verdict for the defendant, and from a judgment thereon the plaintiff appeals.— *Affirmed.*

*Hager & Powell,* for appellant.

*Ryan & Ryan,* for appellee.

SHERWIN, J.— James Freebourn, a minor, was employed by the defendant to work in its packing and shipping rooms, and to sweep said rooms and a hall adjacent thereto. L. W. Bechtelheimer was the foreman or superintendent of the defendant's shipping department, with authority to employ the help necessary therefor. On the day of the injury

Mr. Bechtelheimer carried a broken bottle from the packing room into the hall in question, and left it in a corner thereof. Later in the day James Freebourn, while engaged in sweeping said hall, slipped and fell on said bottle, receiving the injury for which he seeks recovery.

The appellant bases his right to recover of the defendant on the proposition that Mr. Bechtelheimer was the vice principal of the defendant, and acting as such when he put the bottle in the hall, and that it was a negligent act for which the defendant is liable. It is very doubtful whether placing the bottle where it was at the time of the accident was negligence at all, but, waiving this question, it is manifest that the act of Mr. Bechtelheimer in so doing was nothing more, than the act of a fellow servant, for which the defendant is not liable. It was no part of the defendant's personal duty to pick up and care for broken glass which might be found in the packing rooms where bottles were constantly handled. That was a duty which the master might properly, and must necessarily, commit to another without liability for negligence. This principle has been so many times discussed and applied by this court that a citation of some of the cases sustaining it is all that is necessary. *Scott v. C. G. W. R. Co.,* 113 Iowa, 381; *Barnicle v. Connor,* 110 Iowa, 238; *Newbury v. Mfg. Co.,* 100 Iowa, 441; *Benn v. Null,* 65 Iowa, 407; *Geesen v. Saguin,* 115 Iowa, 7; *McQueeny v. Chicago, M. & St. P. Ry. Co.,* 120 Iowa, 522.

The injury occurred when James Freebourn was about sixteen years old, and the appellant argues that the master should not expose young and inexperienced servants to injury. The question of the plaintiff's age is material in some cases and under some issues, but it is not so in this. Here he had been engaged in the same work some six or seven months, and according to his own testimony he knew that contact with broken glass was liable to inflict an injury. The verdict was properly directed, and the judgment is *affirmed.*