PETER PETERSON, Appellant, v. CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY, Appellee.

**Master and servant:** SAFE PLACE TO WORK. The place in which an
employee is directed to work is safe within the meaning of the
law when all the safeguards and precautions which ordinary ex-
perience, prudence and foresight would suggest have been taken
to prevent injury to the employee, when he is himself exercising
reasonable care in the performance of the work.

**Same:** FELLOW SERVANT. One who for some purposes is a vice-prin-
cipal is nevertheless a fellow servant as to acts not involving the
exercise of superior authority.

**Same:** NEGLIGENCE OF FELLOW SERVANT. In this action the foreman
in charge of the work of elevating coal started the hoisting engine
while the plaintiff was at work in the pit below. The plaintiff's
position was rendered dangerous only by the starting of the en-
gine without proper warning. *Held,* that the foreman's act was a
part of the ordinary operation of the work and that he was a
fellow servant of the plaintiff, so that the master was not respon-
sible for his negligence in starting the engine without proper warn-
ing.

*Appeal from Cass District Court.*—HON. O. D. WHEELER,
Judge.

THURSDAY, DECEMBER 15, 1910.

ACTION to recover damages for personal injuries re-
ceived while in defendant's employment. At the close of
the evidence introduced for plaintiff, the court sustained
defendant's motion for a directed verdict, and plaintiff
appeals.—*Affirmed.*

*H. M. Boorman,* for appellant.

*Carroll Wright, J. L. Parrish,* and *J. B. Rockafellow,*
for appellee.

McClain, J.—At the time of receiving the injury complained of plaintiff was in the employment of the defendant as a laborer, engaged in breaking up coal to be elevated in defendant's coal chute at Atlantic. When the coal was sufficiently broken, it was elevated by buckets to bins in the top of the building, from which it might be discharged into the tenders of engines. It was necessary from time to time for the plaintiff in the course of his employment to go into the pit at the bottom of the shaft in which the buckets were hoisted and clean out the loose coal. This work was not dangerous in its nature, unless buckets of coal were being elevated at the same time. In that event there was danger of coal falling from the buckets upon the defendant, working below. The work was in charge of one Dreager, as foreman, and he had personal charge of the motive power, and determined when the buckets should be operated. On one occasion not long prior to the accident in question, plaintiff had complained to Dreager that buckets of coal were being run up while he was working in the pit below, and he was thereby put in danger; and Dreager had assured him that thereafter the machinery would never be started while plaintiff was at work in the pit. The evidence tends to show that in violation of this promise, while plaintiff was at work in the pit and with knowledge of that fact, Dreager started the engine, causing a bucket of coal to be elevated, from which a large piece of coal fell, striking the plaintiff beneath and causing him the injury now complained of. The negligence relied upon was in not affording plaintiff a reasonably safe place in which to work and in negligently starting the hoisting apparatus while plaintiff was in a place of danger, thereby occasioning his injury. It is also contended that plaintiff was improperly ordered into a dangerous place to perform labor, without notice or warning as to the danger and hazard involved.

I. It is quite evident that there was no breach of

duty on the part of the defendant in furnishing plaintiff a safe place to work. The place in which he was working was entirely safe so long as the machinery used in elevating the buckets of coal was not in operation. The peril involved was in the improper method of performing the work, and not in any improper conditions under which the work was to be performed. The place in which an employee is directed to work is "safe," within the meaning of the law, "when all the safeguards and precautions which ordinary experience, prudence, and foresight would suggest have been taken to prevent injury to the employee while he is himself exercising reasonable care in the service which he undertakes to perform." *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 734. The injury to plaintiff was not due to the character of the place in which he was put to work, but to the fault of Dreager in starting the machinery while plaintiff was in such position that the hoisting of the bucket of coal would imperil his safety; and it is practically conceded in argument that the method of doing the business did not necessarily require nor involve the operation of the machinery while plaintiff was in such situation. There was nothing omitted, so far as it appears from the evidence, in providing a safe place and a safe method. What was omitted, resulting in the injury to plaintiff, was proper caution on the part of Dreager in starting the machinery under his control while the plaintiff was so situated as to be placed in peril.

1. Master and Servant: safe place to work.

II. It is contended, however, that Dreager as foreman was vice principal, and his negligence was chargeable to defendant. For some purposes he may have been vice principal, but as to the particular negligent act on his part which caused injury to plaintiff he was his fellow servant. So far as the negligent act causing the injury was concerned, it might as well have been performed by another servant of equal rank with the plaintiff

2. Same: fellow servant.

as by Dreager, who was for some purposes a superior. Such act was not, therefore, an act of the defendant in the discharge of its duty of supervision, but the act of a fellow servant in carrying on the work. If the engine had been in charge of another employee of equal rank with plaintiff, there could be no claim that the negligent act was not that of a fellow servant in the ordinary course of his employment. In this state we do not treat the relative rank of two employees as of controlling importance, and do not recognize the so-called "superior servant" rule. One who is for some purposes a superior servant or foreman, and authorized to direct the work of the employee who is injured, is nevertheless a fellow servant as to acts which do not involve the exercise of such superior authority. *Scott v. Chicago & G. W. R. Co.*, 113 Iowa, 381; *Barnicle v. Connor*, 110 Iowa, 238; *Beresford v. American Coal Co.*, 124 Iowa, 34; *Helgeson v. Higley Co.*, 148 Iowa, 587.

III. The cases principally relied upon for appellant are those involving negligence of the employer, acting through a vice principal, in sending the employee into a place which the vice principal knew or should

3. Same: negligence of fellow servant.

have known was dangerous, without a reasonable appreciation on the part of the employee that such place was in fact dangerous. *McGuire v. Waterloo, etc., Mill Co.*, 137 Iowa, 447; *Schminkey v. Sinclair & Co.*, 137 Iowa, 130. But here the place in which plaintiff was put to work was not inherently dangerous, either by reason of its natural condition or the method in which the work was usually carried on. It became dangerous only by reason of the fault of Dreager in starting the machinery without proper warning. It is true that we have held that the duty to give warning in case of the use of dangerous explosives rests upon the master as a part of his duty of supervision. *Hendrickson v. U. S. Gypsum Co.*, 133 Iowa, 89. But that case has been explained and limited in *Galloway v. Turner Imp.*

*Co.,* 148 Iowa, 93, so that it is not applicable to the case before us. Indeed, the opinion in the *Hendrickson* case itself involves the limitations which make it inapplicable here. The *Galloway* case is directly in point, in holding that where two employees are cooperating in carrying on a piece of work, although one of them may be superior to the other in authority, yet if the injury results merely from the failure of such superior to give warning to the inferior of his contemplated act which is a part of the ordinary operation of the work, the negligence in failing to give such a warning is that of a fellow servant, and not that of the master. No appliance can be provided which may not under some circumstances, if used by one employee without warning or precaution, involve injury to a coemployee; and there was in this case no suggestion of any negligence in the method of doing the work which the master had authorized.

There was no error in sustaining the motion for a directed verdict, and the judgment thereon is *affirmed.*