W. F. FORNEY, v. J. C. MARDIS COMPANY, Appellant.

**Master and servant:** DUTIES OF MASTER: NEGLIGENCE OF FELLOW SERVANT. Generally the master's duties to his employees are to furnish them a reasonably safe place to work, safe appliances, and to use due care in the selection of competent fellow servants; and he is not responsible for the negligence of his foreman in directing some detail of the work, after he has exercised the required care in the above particulars. In this case defendant was not liable for plaintiff's injury resulting from the negligence of a fellow servant in charge of the work, in directing the lowering of a timber without the use of a rope.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, JUNE 25, 1912.

SUIT to recover damages for a personal injury. Judgement for plaintiff. The defendant appeals.—*Reversed.*

*Guernsey, Parker & Miller* for appellant.

*J. L. Witmer* for appellee.

SHERWIN, J.—The plaintiff, a carpenter of long experience in all kinds of work connected with his trade, was at work for the defendant in removing a wooden beam from the under side of an inclined driveway, and while so engaged one end of the beam fell on one of his hands, inflicting the injury for which recovery is sought. The beam was about ten by twelve inches in size and about ten feet long, and was held in place by iron stirrups attached to an I-beam some eight or nine feet above the floor on which the plaintiff was at work. The foreman of the defendant's gang of carpenters directed the plaintiff and three other men to take down the wooden beam without giving them any directions as to the manner of doing the work, and the four men went about the work of removing the beam. They put a rope around the south end of it, and one of the men held that end up after it had been taken out of the stirrup. The plaintiff himself adjusted the rope that held the south end of the beam. According to the plaintiff's own testimony, they then procured a coil of rope for use in lowering the north end of the beam, and were about to attach it for that purpose, when the foreman came along and directed them to get up on some boxes that were under the north end, and let the beam down without the use of the rope. The boxes that the men were directed to get onto made a platform three or four feet above the floor, and were of sufficient strength to hold them. The plaintiff took a position on the boxes under the beam, and one of the other men took a position under the beam with one foot on the boxes and the other on a stepladder that he had placed there, a little higher than the boxes. After both of these men were ready to have the end of the beam loosened, the third man loosened it, whereupon the beam quickly moved to the south, and both men lost control of the north end, and it fell on the plaintiff's hand, as stated

above. Plaintiff alleged that defendant was negligent in not furnishing him a safe place in which to work, in not furnishing sufficient help and equipment, in not warning plaintiff of the danger incident to the lowering of the beam in the manner ordered, and in ordering the plaintiff to get upon the pile of boxes and lower the beam without the aid of a rope. The plaintiff produced no evidence tending to show negligence on the part of the defendant in any matter charged, except that of ordering the plaintiff to remove the beam without the aid of a rope, and, as we understand the record, that was the only ground of negligence submitted to the jury. The evidence conclusively shows that the place where plaintiff was at work was inherently safe, and that the only danger connected with his work arose from the movement of the beam while the work was being done. It also clearly appears that sufficient help and appliances for doing the work were furnished by the defendant, and there is no evidence tending to show that the defendant was negligent in the selection of its foreman, or in the selection of the plaintiff's fellow employees. It is also conclusively shown that the plaintiff was as fully advised of the probable movement of the beam, of its weight, and of the likelihood of its getting beyond control by that method of lowering it as was the defendant.

The controlling question in this case, as we view it, is whether the negligence of the foreman, if it was negligence, in ordering the plaintiff and his fellow workmen to take down the north end of the beam without the use of a rope, is, chargeable to the defendant. In the first place, there is nothing in the record before us showing the extent of the foreman's power over the plaintiff and his fellow employees, or showing what his duties and his work were. So far as the record discloses, he may have been only a fellow servant with some additional authority and responsibility, but with no authority to command or to require obedience to a command, if given. But, aside from this question, we

are of the opinion that the defendant is not liable for the act of the foreman complained of.

As a general rule, the master's duties to his employees are three: First, to furnish a reasonably safe place in which to work; second, to supply them with suitable appliances for doing their work; and, third, to use due care in the selection of competent fellow employees. If the master fails in any of these matters, he is liable for the consequences of such failure.

But if an injury has resulted from the negligent performance of an act, which it was no part of the duty of the master to perform, and in the doing of which no duty of the master was being performed, then the person through whose negligence the injury has resulted, whatever may be his authority, is not, as to that act, the representative of the master, and the master is not liable therefor. *Newbury v. Lumber Co.*, 100 Iowa, 441; *Foley v. Railway Co.*, 64 Iowa, 644; *Barnicle v. Connor*, 110 Iowa, 238; *McQueeney v. Railway Co.*, 120 Iowa, 522; *Scott v. Railway Co.*, 113 Iowa, 381; *Donnelly v. Bridge Co.*, 117 Cal. 417 (49 Pac. 559).

The beam in question weighed four hundred or five hundred pounds, and was held at the lower or south end by a rope that the plaintiff had himself placed there, and the reasons why the accident occurred are two: First, because the man who was helping the plaintiff let down the beam placed himself, with the knowledge of the plaintiff, in an insecure position from which he was dislodged by the movement of the beam, and hence was unable to hold on to it; and, second, because the plaintiff had so adjusted the rope on the south end of the beam that the beam would necessarily move to the south when the north end was loosened. The defendant was not bound to anticipate either or both of these conditions. As was said in *Flynn v. Campbell*, 160 Mass. 128 (35 N. E. 453): "The actual danger of the moment was due to a transitory act. Under

the circumstances, the rule as to instructing inexperienced hands about the hidden dangers of their employment does not apply," and defendant should not under the circumstances, be held negligent. If a master, who has fully discharged every duty imposed upon him, may intrust the details of the work to a foreman in any case, and as we understand it, such is the law, there should be no liability here. *McKee v. Railway Co.*, 83 Iowa, 616; *Trcka v. Railway Co.*, 100 Iowa, 205; *Stockwell v. Railway Co.*, 106 Iowa, 63; *Dill v. Marmon*, 164 Ind. 507 (73 N. E. 67, 69 L. R. A. 163).

Other alleged errors are argued by appellants, but, as the view we take of the propositions already discussed herein disposes of the case, we need not further notice them. For the reasons stated, the defendant's motion for a directed verdict should have been sustained    The judgment is therefore—*Reversed.*