# AUGUST BLOCK v. MINNESOTA FARMERS BRICK & TILE COMPANY.[1]

December 24, 1914.

Nos. 18,953—(176).

**Fall from scaffold — liability of defendant.**

The defendant was constructing a silo and the plaintiff was working for it on a staging. A timber, which was not defective, broke and the plaintiff was precipitated to the ground and injured. The silo, and the staging used in its construction, were built under the supervision and direction of the defendant's foreman. It is *held*, the accident having occurred prior to the enactment of Laws 1913, c. 316, § 13 (G. S. 1913, § 3874), relative to scaffolds, etc., that the defendant did not owe the plaintiff the absolute duty of seeing that a proper plan of construction of the staging was used, and that, it having furnished sufficient and proper material for the staging, it was not negligent.

[1] Reported in 149 N. W. 954.

---

Note.—As to the liability of the master for the negligence of a coservant in respect to preparation of scaffolds, staging, etc., see note in 54 L.R.A. 142. And upon the master's liability for defects in temporary appliances constructed by the servants themselves, see note in 57 L.R.A. 841.

For the master's nondelegable duties as to defects in scaffolds, platforms, etc., see note in 54 L.R.A. 69, 77.

Action in the district court for Mower county to recover $35,155 for personal injuries received while in the employ of defendant. The answer denied that defendant was negligent and alleged that the platform from which plaintiff fell was constructed by himself and his fellow workmen, and that it was wholly through his own carelessness and negligence that the accident happened. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $2,875. From an order granting defendant's motion for judgment in its favor notwithstanding the verdict, plaintiff appealed. Affirmed.

*Barton & Kay,* for appellant.

*Catherwood & Nicholsen,* for respondent.

PER CURIAM.

This action was brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant. There was a verdict for the plaintiff. The court granted defendant's motion for judgment notwithstanding the verdict. The plaintiff appeals.

The defendant was constructing a silo and its foreman was in charge. In the doing of the work a staging or scaffold was erected. This was done under the supervision of the foreman. Three men were working with him, among them the plaintiff. Four 2x8 uprights were first placed. To them were nailed 2x6 timbers. Upon the 2x6s were placed 2x4s extending to the walls of the silo. Upon the 2x4s were placed boards. Upon the platform thus made the foreman and the plaintiff stood in building the walls. It also supported the mortar and the brick tile used in the walls. The staging was extended upward as the work progressed, and at the time of the plaintiff's injury was some 30 feet high.

A 2x4 broke and precipitated the plaintiff to the bottom. It was not defective. There was a sufficient number of 2x4s for use. The 2x4 which broke was placed on its 4-inch side. It is claimed that it was the absolute duty of the defendant to adopt a proper plan of construction, that that use was an improper one, and that defendant was negligent in permitting its use. The specific claim is that the

2x4s should have rested on the 2-inch side, or that a greater number of them should have been used.

There was nothing complicated about the construction of the staging. It was erected under the direction of the foreman as the work progressed, by the foreman and men doing the work, for use in doing it. It was not an absolute duty of the master to see that the 2x4s were placed on the narrow side or that a sufficient number were used. If there was personal fault in the foreman in not placing them properly or using a sufficient number, it was a fellow-servant fault. Negligence in the defendant is not shown. The case is more nearly governed by Gittens v. William Porten Co. 90 Minn. 512, 97 N. W. 378, than by Hagerty v. Evans, 87 Minn. 435, 92 N. W. 399, or Carlson v. Haglin, 95 Minn. 347, 104 N. W. 297.

The injury occurred prior to the enactment of Laws 1913, p. 458, c. 316, § 13 (G. S. 1913, § 3874.)

Order affirmed.