A. E. HOLZER, Appellant, v. McMANUS & TUCKER, Appellees.

MASTER AND SERVANT: Place For Work—Servant's Duty to Make Place Safe. A master is not liable to a servant for injury attending the use of a scaffold, erected by someone other than the master, when the master had furnished ample and sufficient material with which to erect scaffolds, and the servant chose to use the one in question without effort to improve its visible condition.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

MONDAY, MAY 14, 1917.

ACTION to recover damages for personal injuries suffered by appellant. A verdict was directed against him, and he appeals.—*Affirmed.*

*Hughes & McCoid,* for appellant.

*E. W. McManus, T. A. Craig* and *C. Woodbridge,* for appellees.

SALINGER, J.—I. Workmen employed by defendants were engaged in building up bin partitions with planks. When the partition got as high as a man could readily reach, a platform whereon to continue to work was constructed in the following manner: At a point on the wall higher than the point which the partition had reached, a plank was nailed for a cleat. One end of a plank or planks was laid upon this cleat, and the other upon a solid iron rod, an inch and a quarter thick. There was pres-

ent an ample supply of planks and rods, so that any work-
man was, within reason, enabled to make a scaffold as
thick, wide and well-supported by the iron rods as seemed
to him necessary.  Someone, it does not appear who, made
a platform upon which the plaintiff proceeded to work at
erecting partitions.  It seems to have been supported by
nothing but a cleat on the wall and one of said iron rods,
and consisted of but one plank.  All this was obvious, and,
as said, plaintiff was at liberty to strengthen the platform
if advisable.  He elected to work upon it in the condition
that it was.  His charge of negligence is:   "The platform
was too weak and insufficient for the weight of plaintiff
and the tools he was required to have, and the planks were
too thin to bear the burden required," to wit, himself and
his tools.  It is not ·charged that this plank or scaffold was
too narrow, or that it was in any manner defective, except
that it was too thin to bear the weight put upon it.  It did
not break; the defendants did not construct it; and, as said,
plaintiff was at liberty to strengthen it, had he so desired.
Plaintiff fell from this plank.  This happened while he
stood upon it and reached up and received a plank from an
employee above him, and he seems to have overbalanced and
stepped off.  He described what happened, thus:

"I was going to lay it down alongside of the other
board on the scaffold on the same thing that the board I
was on rested on. When I took hold of the board that Drueke
was passing down to me, the weight of the board came down
on me so that I lost my balance and fell off.  I suppose I
was standing somewhere near the middle of the plank,
and when Drueke let go of the board, the weight of it came
down on me, and that was when I lost my balance and fell.
That was the way it happened.  That is right: I remem-
ber that was the way it happened."

In *Benn v. Null,* 65 Iowa 407, it was held to be a ma-
terial factor that there was no failure to furnish suitable

materials with which to erect the scaffold. If the plank was not a safe place to work, plaintiff should and must have known this, and known that he was liable to be injured in consequence. *Freebourn v. Chamberlain Medicine Co.,* 136 Iowa 434. Cases quite in point generally are *Bergman v. Altman,* 127 Iowa 693; and *Trcka v. Burlington, C. R. & N. R. Co.,* 100 Iowa 205. In principle, *Forney v. Mardis Co.,* 155 Iowa 667, sustains the action below.

The doctrine of duty to furnish a safe place does not affect the case we have. See *Ericson v. Bradley,* 150 N. Y. S. 169; *Block v. Minnesota Farmers' B. & T. Co.,* (Minn.) 149 N. W. 954; *Gittens v. Porten Co.,* (Minn.) 97 N. W. 378; *Peterson v. Beck,* (Calif.) 150 Pac. 788; *Butler v. Townsend,* 126 N. Y. 105.

There was no evidence to sustain a claim that defendants were guilty of the negligence charged, or of any failure of duty causing the injuries suffered by plaintiff; hence it was right to direct verdict for the defendants, and the so doing is—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.