JAMES MAHER, PLAINTIFF IN ERROR, v. WILLIAM R. THROPP, DEFENDANT IN ERROR.

1. It is the duty of the master to furnish proper implements to his servants for the performance of their work, and if he entrusts that duty to a co-servant, the master is liable for the negligence of the co-servant in performing it.

2. But if safe and proper tools are supplied by the master, he is not liable for an injury which his servant receives by using, under the direction of the foreman over such servant, a tool not furnished for or adapted safely to the work.

On error to the Supreme Court.

For the plaintiff in error, *Barton & Dawes.*

For the defendant in error, *Woodbury D. Holt* and *Chauncy H. Beasley.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action by a servant against his master to recover damages for personal injuries sustained in the master's employment. He was an ordinary workman, who assisted in the boilermaking shops, and at the time of the injury was engaged in striking with a sledge hammer upon the boiler. It is admitted that he was furnished with proper implements to do his work, but by the direction of the foreman of the boilermakers he undertook to do his work with other tools, in consequence of which he received the injury complained of.

It is not open to controversy in this state that the boss or foreman of other men who work under his direction, is the fellow-servant of those men. *O'Brien* v. *American Dredging Co.*, 24 *Vroom* 291 ; *Gilmore* v. *Oxford Iron Co.*, 26 *Id.* 39.

The authority of these cases has been recognized in this court so recently that it is unnecessary to refer to other cases. *Steamship Company* v. *Ingebregsten*, 28 *Vroom* 400.

Notwithstanding this relation which exists between the co-employes, there are certain duties which the master owes to his servant, and for the due performance of which he is responsible, although he entrusts the execution of them to a co-employe with such servant. This case will be solved, therefore, by determining whether the act which caused the injury to the plaintiff was one which the master himself was bound to perform, or the act of the foreman in the execution of his duty merely as foreman and co-employe of the plaintiff.

If the master occupies the former position, he must respond for the negligence of the foreman; if the latter, the action cannot be maintained.

The master was charged with the duty to furnish to the plaintiff proper implements with which to do the work in which he engaged. If he entrusted the discharge of that obligation to the foreman, he is undoubtedly responsible for the failure of the foreman to exercise due care in that respect.

The injury to the plaintiff is in no way chargeable to the failure of the master to furnish proper tools. On the contrary, the accident is attributable wholly to the fact that the plaintiff, under the advice of the foreman, laid aside the safe tool and used in its place a chisel and a pair of tongs. In doing this the foreman did not act as the vice principal, standing in the place of the master, but he acted as a fellow-servant performing, with the assistance of the plaintiff, the work in which both were engaged, and for which the master had provided the necessary implements with due care.

In *McAndrews* v. *Burns*, 10 *Vroom* 118, the liability of the master was denied where he had furnished the appliances necessary to secure the safety of his workmen and the injury resulted from the neglect of a fellow-servant to use them.

This was conceded to be the law in *O'Brien* v. *American Dredging Co.* and *Gilmore* v. *Oxford Iron Co., supra.*

The question, therefore, does not arise in this case whether it was the duty of the master to see that the servant was properly instructed in the use of implements furnished by him for the execution of the work.

The trial judge properly directed a nonsuit, and the judgment below should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 14.

*For reversal*—None.