THE JOSEPH M. SMITH COMPANY and BRUEN & MORRIS

v.

JEREMIAH O'BRIEN and EDWARD L. BOISAUBIN.

[Decided October 12th, 1898.   Filed June 10th, 1899.]

A debtor, in order to defeat judgment creditors, transferred land to one who had knowledge of the facts. A portion of the price was paid on a mortgage on the land, and another portion paid on a *bona fide* debt of the grantor. The balance was secured by a promissory note made payable to a member of the grantor's family to satisfy an alleged debt which was not proven to exist.— *Held,* that the deed would be decreed a mortgage to secure the two payments made and set aside as to the balance.

On final hearing on bill, answers and proofs.

*Mr. Charles A. Rathbun,* for the complainants.

*Mr. John E. Fennell* and *Mr. Willard W. Cutler,* for the defendants.

PITNEY, V. C.

The bill is filed by two several judgment creditors of the defendant Boisaubin, to set aside a conveyance of land by him to the defendant O'Brien, on the ground that it was made for the purpose of defrauding the complainants.

The complainants each recovered two judgments against the defendant Boisaubin, two of which were recovered in a justice's court on the 26th of March, 1898 ; the others were recovered later in the circuit court of the county.

The conveyance was made on the 25th of March, 1898. The consideration was $4,000, which included a mortgage for $2,000, with arrears of interest thereon, and two small judgments, amounting to about $300, besides the taxes, so that the

balance of consideration money coming to Boisaubin was about $1,475.

The facts and circumstances show clearly that the intention of Boisaubin was to prevent the complainants from realizing anything on their judgments, and to devote a portion of the purchase-money to the payment of a favored but *bona fide* and honest creditor named Bardon, to the extent of between $600 and $700, and the balance to the payment of an alleged debt due by Boisaubin to a female member of his family, of the existence of which debt no sufficient proof was given, and the circumstances indicated very strongly that the due-bill given by O'Brien to this female, and endorsed over by her, was really in the possession and under the control of Boisaubin.

These circumstances were all known to Mr. O'Brien, and I am satisfied that he was fully aware of the intentions of Mr. Boisaubin. A payment to the extent of $632 was actually made to Mr. Bardon, and $240 paid to the holder of the mortgage. To that extent the consideration money expressed in the deed was honestly applied to the payment of the honest debt of Boisaubin.

"Under these circumstances I think that the conveyance to O'Brien must be decreed to be a mortgage in his favor to secure him for the payment of the sum of $240 paid on the mortgage, and the sum of $632 paid to Mr. Bardon, and declared to be fraudulent and void as to the balance of the consideration money.

I will advise a decree accordingly.