## In Equity.

## J. WILDER HAGGETT,
Trustee in Bankruptcy of the Estate of George C. Jones,

### *vs.*

## LIZZIE N. JONES.

### Cumberland.   Opinion December 30, 1913.

*Appeal.   Consideration.   Conveyance.   Creditors.   Equity.   Fraud.
Husband and Wife.   Inheritance.   Trustee in Bankruptcy.*

1. The findings of a single Justice, in equity procedure upon questions of faot necessarily involved, are not to be reversed upon appeal, unless clearly wrong, and the burden is on the appellant to satisfy the court that such is the fact; otherwise, the decree appealed from must be affirmed.

2. It is conceded that at the time of the conveyances, the grantor was insolvent, accordingly the kind and amount of the consideration becomes material, even in the absence of an actual intent to defraud.

3. A grantee is not protected in taking a conveyance from an insolvent grantor, when he has not paid an adequate consideration therefor, though he may have acted in good faith.

4. At law, a conveyance is wholly good or wholly bad; there is no middle ground.

5. In equity, when the property is of greater value than the consideration, the conveyance may be impeached to a partial extent as being voluntary, and if not fraudulent in fact, be sustained to the extent of the consideration.

6. The bankruptcy proceedings did not deprive the defendant of her rights by descent under the statute in the property as the bankrupt's wife and that she still has that right in addition to her rights under the conveyance in question.

On appeal by plaintiff from decree of sitting Justice.   The appeal is therefore sustained and the case remanded for an accounting as

herein suggested, before a single justice, after which a decree for the sale of the property upon proper terms will be entered in accordance with the opinion.   So ordered.

This is a bill in equity by a Trustee in Bankruptcy, to set aside a conveyance of real estate made by George C. Jones to his wife, Lizzie N. Jones, the defendant, on the ground that said conveyance was made in fraud of his, said George C. Jones' creditors, and because said conveyance was not for an adequate and sufficient consideration.   The defendant filed an answer to said bill, with a demurrer inserted therein.

The cause was heard by a single Justice, who entered a decree dismissing the bill, with costs.   From this decree, the complainant appealed.

The case is stated in the opinion.

*Clifford E. McGlauflin,* for plaintiff.

*Howard E. Hall, Charles L. Macurda, and Weston M. Hilton,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

KING, J.   Bill in equity by a Trustee in Bankruptcy to set aside a conveyance of real estate made to the defendant by her husband, the bankrupt, on the ground that it was made in fraud of his creditors.   The sitting Justice decreed that the bill be dismissed with costs, and the case is before this court on complainant's appeal from that decree.

The decree appealed from was not accompanied by a finding of facts, but from an examination of the bill and answers it clearly appears that the sitting Justice, in making the decree, must have found either that the husband in making the conveyance had no fraudulent purpose in fact thereby to hinder delay, or defraud his creditors, or, if he had such purpose, that his wife, the defendant, did not participate in it, and did not take the conveyance to further that purpose, and that there was no constructive or legal fraud arising from a want of an adequate and sufficient consideration for the conveyance.

The findings of a single Justice, in equity procedure, upon questions of fact necessarily involved, are not to be reversed upon appeal

unless clearly wrong, and the burden is on the appellant to satisfy the court that such is the fact, otherwise the decree appealed from must be affirmed. *Savings Inst.* v. *Emerson,* 91 Maine, 535, 538.

So far as the decree of the sitting Justice imports that he found that the conveyance was not made with a fraudulent purpose in fact in which the defendant participated, we are not satisfied that it is wrong, and if that were the only question involved in the appeal we should dismiss it.

But upon examination of the record we find certain facts that apparently were not brought to the attention of the sitting Justice, a consideration of which leads us to the conclusion that the appeal must be sustained.

It is conceded that at the time of the conveyance the grantor was insolvent, accordingly the kind and amount of the consideration therefor becomes material even in the absence of an actual intent to defraud. A grantee is not protected in taking a conveyance from an insolvent grantor when he has not paid an adequate consideration therefor, though he may have acted in good faith. *Egery* v. *Johnson,* 70 Maine, 258, 261.

The conveyance recites a consideration of $1610.60, and it was claimed for the defendant that her husband then owed her that sum, to pay which the conveyance was given, and that it was a fair and adequate consideration for the property conveyed. On the other hand, the complainant contended that there was no bona fide indebtedness from the husband to the wife existing at the time of the conveyance, and, further, that the value of the property conveyed was considerably in excess of the amount specified. The evidence as to the value of the property was conflicting, and if it were an established fact that the husband did actually owe his wife the sum named in the deed, and made the conveyance in payment thereof, we should hesitate to disturb it on the ground that the consideration was inadequate, in the absence of any actual intent to defraud.

There was sufficient evidence to justify a conclusion that the husband was indebted to his wife at the time of the conveyance to some extent, and it may be that both he and his wife believed that indebtedness amounted to $1610.60. That, however, was not the fact as we understand the evidence.

The sum of $1610.60 was made up of two items of supposed indebtedness from him to her with interest thereon. One was an item of $500 drawn from the Waltham, Massachusetts Savings Bank, January 9, 1907. This item with interest to the date of the conveyance, as they computed it, amounted to $635. 'We think the evidence warrants a finding that this $500 was his wife's property which she drew from the bank and loaned to her husband, and that at the time of the conveyance he owed her that sum and the accrued interest thereon.

The other item was supposed to have accrued to the wife from the husband in this way:

About fifteen years before the conveyance, a brother of the husband died in Colorado leaving an estate of about $3000. The husband went to Colorado, was appointed administrator of his brother's estate, paid the debts and expenses, and brought home, as he says, about $2200 net. He then supposed he was entitled to the whole of that estate as the only heir of his brother, but subsequently it was found that there was another heir who would inherit the estate with him. Thereupon he prepared a personal claim against his brother's estate amounting to $4209.17, and a claim in favor of this defendant against the same estate for $514 was also prepared.

These claims were sent to Colorado and allowed by the court there against the estate of the deceased brother.

It was this alleged claim of $514 in the defendant's favor against the estate of the brother-in-law, with interest thereon to the date of the conveyance, that made up the balance of the $1610.60. The defendant claimed that her husband was indebted to her for the amount of that claim because he was the administrator of that estate. We need not here consider the several reasons suggested in behalf of the complainant why it should not be held that the husband was indebted to his wife for this claim at the time of the conveyance. It will be sufficient to point out the fact that the copy of the order of the court of Colorado, put in evidence by the defendant, shows that the husband's claim, allowed for $4144.90, (nearly double the net amount of the estate) was allowed as a claim having precedence of the wife's claim. The language of the order in this respect is as follows:

"It is therefore considered and ordered by the court that the sum of $380.20 be allowed George C. Jones as a claim of the 1st class, and the sum of $77.00 as a claim of the second class, and the sum of $3687.70 as a claim of the 3d class, to be paid from said estate; and that the sum of $514.00 be allowed unto Lizzie N. Jones as a claim of the 4th class, to be paid from said estate."

The conclusion is inevitable, of course, that the husband never was indebted to his wife for anything on account of the allowance of her alleged claim against his brother's estate of which he was the administrator. As allowed her claim was worthless and he was under no obligation to pay it to her. And there is no sufficient evidence from which it could be found that he ever legally obligated himself to pay it to her.

The evidence is plenary, therefore, that of the $1610.60 named in the conveyance as its consideration only $635 was an actual indebtedness from the grantor to the grantee. That sum was undoubtedly not much more than one-third of the value of the property conveyed, and it must be regarded as a palpably inadequate consideration for the conveyance. The transfer included all the real estate the grantor owned, and left him without means to pay his other then existing creditors, and the grantee had knowledge of those facts.

As suggested above, we think the evidence justifies the conclusion that the conveyance from Mr. Jones to his wife was not intentionally fraudulent, but rather entered into in the mistaken belief that he was actually indebted to her to an amount equal to the full value of the property conveyed. The transaction, however, being without an adequate consideration, is fradulent by construction of law.

The question then arises, what disposition should be made in a court of equity of the conveyance? Should it be regarded and treated as absolutely void, or should it be permitted to stand as security for the sum actually paid by the grantee therefor—the bona fide indebtedness then existing from the grantor to the grantee? In *Foster* v. *Foster*, 56 Vt., 540, the court said: "In respect to the consideration of the conveyances, it is to be observed that there is an important difference between law and equity. At law, a conveyance is wholly good or wholly bad; there is no middle ground. But in equity, when the property is of greater value than the consideration,

the conveyance may be impeached to a partial extent as being voluntary, and, if not fraudulent in fact, be sustained to the extent of the consideration. Chancellor Kent says that nothing can be more equitable than this mode of dealing with conveyances of such indecisive and dubious aspect that they cannot be entirely suppressed or entirely supported with satisfaction."

In *Hanson* v. *Gregory*, (Iowa) 73 N. W., 478, where a husband conveyed $5000 worth of property to his wife in consideration of $1430 previously borrowed from her, it was held that the conveyance was voluntary to the extent that the value of the land exceeded the debt, and that the property, after the first lien to the wife, will be subjected to the payment of debts contracted by the husband prior to the conveyance. And in *Cox* v. *Collis* (Iowa), 80 N. W., 343, it was held that where the value of the land conveyed by a husband to his divorced wife in payment of a loan from her to him greatly exceeds the amount of the debt the conveyance was fraudulent as to his creditors to the extent that the consideration was inadequate, although it was accepted by her in good faith.

See Cyc., Vol. 20, pp. 508 and 509, and numerous cases there cited.

In *Smith* v. *O'Brien*, (N. J. Eq.) 41 Atl., 492, it was held that such a conveyance should be decreed to be a mortgage to secure the grantee for the amount actually paid by him. To the same effect was the decision in *Warner* v. *Withrow*, 56 N. J. Eq., 795, 35 Atl., 1057, Pitney V. C. saying: "I think that, when such a case arises, the inclination of a court of equity should be to hold the transaction a mortgage, instead of an absolute sale, as was done in the case of *Damarest* v. *Terhune*, 18 N. J. Eq., 532, I shall therefore advise a decree that the complainant have leave to redeem the property by paying to the defendant Withrow the sum of $2500 with interest, the latter to be charged with the rents and profits of the premises in the meantime and credited with the expenses of repairs and taxes."

We think the case at bar is one where, on the one hand, the conveyance cannot be allowed to stand in full force and effect because fraudulent in law as to the grantor's creditors, and, on the other hand, that is should not be set aside except upon such terms and conditions as will protect the defendant to the extent of her equities in the property. It is therefore the opinion of the court that the conveyance should not be upheld as an absolute sale of the property,

but that it should be regarded as having the effect of a mortgage securing to the defendant the sum of $635, that being the actual sum which the grantor owed her at the time.

In deciding what procedure will best secure to the defendant her rights in the property, and also make the balance of it available for her husband's creditors, it is to be borne in mind that the bankruptcy proceedings did not deprive the defendant of her rights by descent, under the statute, in the property as the bankrupt's wife, and that she still has that right in addition to her rights under the conveyance in question.

On the whole, we are of opinion that it will best subserve the rights and interest of all parties to have the property sold, subject to the defendant's right by descent therein, under a proper decree of the court, and the net proceeds of such sale first used to pay the defendant the amount found to be due her upon an accounting as hereinafter provided for, the balance of such proceeds to be turned over to the complainant for the benefit of the grantor's creditors under the bankruptcy proceedings. In such accounting the defendant is to be credited with the $635 and interest thereon from the date of the conveyance, together with her expenses for taxes and repairs on the property. She is to be charged with the rents and profits of the premises in the meantime, and also with the amount due under a mortgage upon a part of the property given by her to Alzena M. King, December 8, 1911 for $243.74, less, however, the sum of $90 and interest thereon, that part of the mortgage debt having been obtained to defray the expenses of the husband's bankruptcy proceedings.

The appeal is therefore sustained and the case remanded for an accounting as herein suggested before a single Justice, after which a decree for a sale of the property upon proper terms will be entered in accordance with this opinion.

*So ordered.*