HOLMAN *v.* HUDSON.

(Division A. Feb. 12, 1940.)

[193 So. 628. No. 33772.]

**W. A. Strong, Jr.,** of Louisville, for appellant and cross-appellee.

**R. W. Boydstun,** of Louisville, for appellee and cross-appellant.

Argued orally by **R. W. Boydstun**, for appellee and cross-appellant.

**Smith, C. J.**, delivered the opinion of the court.

In 1926, P. B. Worthy, J. J. Pearson, and J. E. Hudson executed a written agreement guaranteeing the payment to W. T. Rawleigh Company of merchandise to be sold by it to Wilbur K. Bennett. The Rawleigh Company sued on this guaranty and obtained a joint judgment of $300 against the guarantors. This judgment was collected by the Rawleigh Company from Hudson, who then instituted a suit in equity against Worthy for the recovery of one-third thereof. He also alleged that Worthy had fraudulently conveyed all of his property to the appellant, his daughter, and to Dick Park, conveying to each separate parcels of land by separate deeds. The prayer of the bill was for the recovery sought from Worthy and for the setting aside of these conveyances made by him, and the subjection of the property conveyed to the payment to the appellee of one-third of the W. T. Rawleigh Company judgment, which he had paid off. The case was heard on bill, answer, and proof,

and a decree was rendered granting the recovery sought against Worthy by adjudging that all of the deeds sought to be cancelled were executed in good faith in payment of debts due by Worthy to each of the grantees. As to the conveyance to the appellant, the decree recites that it was made in consideration of $800.00 then due her by Worthy, but that the property conveyed to her "may exceed in value the said indebtedness by some appreciable amount . . . and therefore the court finds that said property should be sold by a commissioner at public sale for cash on the 5th day of November, 1938, after advertising said sale in the issue of the Winston County Journal. That the proceeds of said sale shall be used first in paying the cost and expenses of sale and second in paying to Mrs. Josie Holman the sum of $800.-00 being the amount she has invested in said place and third the sum herein adjudged to complainant and balance if any, to Mrs. Josie Holman."

There is an appeal by Mrs. Holman and a cross-appeal by Hudson. The evidence sustains the finding of the court below that these deeds were made in good faith for a valuable consideration. Consequently, this finding will not be disturbed. We come then to the decree ordering the sale of Mrs. Holman's land.

Mrs. Holman's complaints are: (1) That having found that Worthy's deed to her was made in good faith for a valuable consideration, the court below should have dismissed the bill of complaint as to her; (2) the evidence does not disclose that the value of the property conveyed to her was substantially in excess of what she paid therefor and the court below did not in fact so find; (3) that she should be paid in full out of the proceeds of the property before the payment of the costs incurred in selling it; (4) she should have been allowed interest on the debt due her by Worthy from the date of the deed from him to her; and (5) taxes paid by her on the land should be added to the amount to be paid her from the proceeds of the sale of the land.

A voluntary conveyance, one without consideration, which leaves the grantor without property to which his creditors may resort, is void as to the creditors, but a conveyance made in good faith and for a valuable, though inadequate, consideration (the value of the property conveyed being substantially in excess of the consideration paid therefor) will be held in equity to be voluntary as to the grantor's creditors to the extent of the value of the property in excess of the consideration paid therefor. Willis v. Gattman, 53 Miss. 721. But, there being no actual fraud on the part of the grantee, the conveyance will be sustained to the extent of the consideration therefor, and will be given the effect of a mortgage to secure the payment thereof. 27 C. J. 544, and 671. Cf. McLean v. Letchford, 60 Miss. 169; and Stovall v. Farmers' & Merchants' Bank, 8 Smedes & M. 305, 47 Am. Dec. 85. For the protection both of the grantee and of the grantor's creditors, the property will be sold under the order of the court and the proceeds thereof applied as ordered by the court below, (1) to the cost of making the sale; (2) to the payment of the money expended by the grantee in purchasing the property; (3) to the debts of the complaining creditors of the grantor; and (4) the remainder, if any, to the grantee. Authorities, supra; and Haggett v. Jones, 111 Me. 348, 89 A. 140.

Pretermitting for the present, but returning later to the order in the decree for the sale of the land and disposing of the other assignments of error first, we will say that if under the rule hereinbefore announced this land should be sold for the benefit of the grantor's creditors, no error was committed by the court below (1) in directing the payment of the expense incurred in making the sale from the proceeds thereof before payment therefrom to Mrs. Holman. The sale is for her benefit, as well as for the benefit of the grantor's creditors, to enable her to subject the property to the payment of the consideration paid by her in good faith therefor; (2) in not

allowing Mrs. Holman interest on the debt due her by the grantor from the date of the execution of the deed to her. She was thereafter in possession of the land or with the right thereto, without liability to account for the value of its use and occupation, or for rent thereon or profits therefrom. If such liability here appeared and was sought to be enforced, a different question would be presented, as to which we express no opinion; (3) for the same reason no error was committed in not directing that Mrs. Holman be reimbursed for the taxes paid by her on the land.

We come now to the order for the sale of the land. In order to apply the rule hereinbefore announced, the trial court must find the value of the property at the time of its conveyance and that the value so found exceeds in a substantial amount the consideration paid therefor. We express no opinion as to the necessity for the court's decree to recite the finding of these facts, it not being necessary for us so to do for the reason that the court's decree not only does not recite such findings of fact, but on the contrary affirmatively negatives any such findings. It discloses that the court found only that the "property may exceed in value the said indebtedness by some appreciable amount."

The decree of the court below will be reversed insofar as it directs a sale of the land conveyed to Mrs. Holman, and will be remanded for another trial on that issue only.

So ordered.