Mississippi Cottonseed Products Co. *v.* Phelps *et al.*

(In Banc.  Feb. 28, 1944.)

[16 So. (2d) 854.  No. 35555.]

Clements & Clements, of Rolling Fork, for appellant.

John B. Gee, of Rolling Fork, for appellees.

**Roberds, J.,** delivered the opinion of the court.

Appellant, as complainant in a bill in chancery against appellees as defendants therein, sought to set aside, as a fraud upon its rights as a creditor of Henry V. Phelps, a deed executed by him to Mrs. Dorothy Cole Phelps, his wife, conveying to her a plantation of 705 acres of land and much personal property all located in Sharkey County, Mississippi. When complainant rested its case, the court sustained a motion of appellees to exclude the evidence and dismiss the bill. From this decree the appeal is taken. The only question involved is whether the evidence offered by appellant-complainant, tested by the rules of law this court has announced in such cases, makes out a prima facie case for setting aside said deed. Defendants offered no proof.

As to the rules, this court, in Graham v. Morgan, 83 Miss. 601, 35 So. 874, 875, said: "Under uniform decisions of our court, a husband, though insolvent, has a right to prefer his wife, and protect her interest by conveying his property to her, even though by so doing his other creditors are defeated of their rights, and even though the conveyance is made on account of pendency of suits by other creditors against him; the only condition being that there must be existing between husband and wife a valid indebtedness equal to the fair value of the property conveyed." In Savage v. Dowd, 54 Miss. 728, 732, the court conditioned the validity upon "full value" of the land. In Holman v. Hudson, 188 Miss. 87, 193 So. 628, 629, the court used this language: ". . . but a conveyance made in good faith and for a valuable, though

inadequate, consideration (the value of the property conveyed being substantially in excess of the consideration paid therefor) will be held in equity to be voluntary as to the grantor's creditors to the extent of the value of the property in excess of the consideration paid therefor. Willis v. Gattman, 53 Miss. 721 . . .," and then detailed the method of applying the proceeds of the sale so as to work out equity between all parties.

As to the evidence, it shows that Henry V. Phelps had been indebted to appellant for some three or four years. At first the debt was small and was carried as an open account. It grew larger and in 1936 Phelps, to secure it, executed a deed of trust on certain gin machinery and equipment. The debt continued to grow and, in 1939, discussions and negotiations were had between the parties with a view to increasing the security therefor, including the use of some property belonging to Mrs. Phelps, and rearranging the maturity dates. These negotiations failed and appellant notified Mr. Phelps it would have to foreclose its trust deed and sue for the balance of the debt, if any, after such foreclosure. Phelps replied: "Well, if you enter suit I am going to transfer my farm property to my wife." The property in the trust deed was advertised for sale, and on July 15th, before the sale on July 26, 1939, Mr. Phelps executed the deed to his wife. On August 4th appellant sued Phelps for the balance of the debt and on September 7, 1939, obtained a judgment by default against him for $4,843.04. In the meantime, and on September 2nd, Phelps had informed appellant he intended to go into bankruptcy. It is also shown, as a fair inference from this record, that Phelps, after the execution of this deed, did not own sufficient property out of which this debt could be made, and that Mrs. Phelps knew of his financial condition, the collapse of the negotiations, and of the action to foreclose the trust deed.

The consideration is stated in the deed to be (1) the assumption by Mrs. Phelps of certain existing encum-

brances against the property conveyed by the deed; (2) the cancellation of a debt aggregating, principal and interest, $5,956.25, money loaned by the wife to the husband as of January 1, 1935; and (3) the satisfaction of a judgment against Mr. Phelps in favor of Williams Company, amounting, principal and interest, to $9,493.73, which judgment appellees claim Mrs. Phelps had theretofore paid and which had been assigned to her, the total recited consideration in the deed, including the assumed encumbrances, being $42,270.11. Appellant contends that the actual consideration was not near so large as that stated in the deed. It says the loan by Mrs. Phelps, if actually made, was much less than that claimed by appellees, and that, in any event, it had been repaid in 1938 by a conveyance to Mrs. Phelps by Mr. Phelps of certain real property in the Town of Nitta Yuma. It also says that the Williams judgment is barred by the statute of limitations, having been obtained October 23, 1931, and that Mrs. Phelps paid of her funds for such judgment only the sum of $1,037, all of which should inure to the benefit of appellant in this litigation. There is evidence tending to support the asserted facts, but it is not necessary for us to now decide whether they are established by the proof in this record, nor to pass upon the legal contentions in respect thereto, for the reason that the undisputed proof shows that this plantation was worth, at the time of its conveyance, between fifty thousand and seventy thousand dollars, and that, therefore, its fair value was several thousand dollars greater than even the recited consideration in the deed. And this does not take into consideration the value of the personal property conveyed by such deed. This consisted of the crop to be grown on the plantation in 1939; 3 tractors; 37 cultivators; 24 plows; 4 wagons; 1 hay press; 29 mules and 1 horse, and considerable other farming tools and implements, and also all dies, equipment and appliances in a certain machine shop located in Nitta Yuma. There is no proof in the record of the value of this personal

property, but apparently, from the nature and amount thereof, it was worth considerable money when conveyed.

Applying the above stated legal rules to the foregoing situation, it is clear that appellant, by its proof, made out a prima facie case for setting aside this deed as a fraud upon its rights, calling for evidence on behalf of appellees to offset the case so made, and that it was error to sustain the motion of appellees to exclude the evidence of appellant and dismiss the bill.

Reversed and remanded.