INZER, Justice:
Appellant Patricia Ann Patterson, a minor, by and through her father as next friend, instituted this suit in the Chancery Court of the First Judicial District of Hinds County seeking to recover a money judgment against appellees Seth D. Adams and Annell B. Adams, alleged to be partners in a day nursery, for personal injuries received by the minor while in the care of the nursery. The bill of complaint also sought to have set aside as fraudulent certain conveyances made by Mr. and Mrs. Adams to the other appellees herein, namely Nancy Ann Hutson, Robert W. King, Gaynell Loftin and the First National Bank of Jackson.
On November 27, 1967, Patricia Ann, then two years of age, was left in the care of Mrs. Adams, doing business as Adams Better Care Nursery. That afternoon Patricia Ann was severely burned when she fell into an unattended fire in the play yard behind the nursery. A few days later Mrs. Adams first discussed this incident with ap-pellee Robert W. King, an attorney. In August 1968 Mrs. Adams was notified by letter from her liability insurance carrier that a claim had been made against them by Mr. Patterson on behalf of his daughter for an amount considerably in excess of her coverage. Mrs. Adams carried this letter to Mr. King for advice, which she received. In October 1968 Mr. Patterson contacted Mrs. Adams and requested payment of damages for the injury to his child in an amount in excess of the insurance coverage. Mrs. Adams again consulted Mr. King who notified Mr. Patterson by letter that he represented Mrs. Adams and that any negotiations concerning any claim against Mrs. Adams should be had with him rather than Mrs. Adams. In November 1968, at a time when Mrs. Adams thought a damage suit was imminent, Mr. King was officially employed to represent her. Being without funds to pay Mr. King for his services, it was agreed that Mr. and Mrs. Adams would deed a vacant lot, valued from $2,000 to $2,500, to Mr. King in full payment of his fee for doing whatever was necessary to defend Mrs. Adams relative to the claim for damages.
On November 12, 1968, Mrs. Adams borrowed $4,000 from the First National Bank of Jackson, and as security for the loan gave the bank a second deed of trust on the house and lot used in the operation of the nursery. Mrs. Adams used $700 of this money to make repairs and to pay taxes then due on the property and applied the balance of $3,300 toward the purchase price of a new home. At the time this loan was made Mr. Adams signed the note and deed of trust with his wife, although the property was in the name of Mrs. Adams. This deed of trust was subject to a first deed of trust on the property for a balance of about $6,900.
After purchasing the new home and moving therein, Mrs. Adams and her husband sold their old homestead property to ap-pellee Nancy Ann Hutson. Mrs. Hutson paid $1,300 in cash, assumed the existing mortgage,of $8,600 and gave Mrs. Adams a note for $1,200 secured by a second deed of trust on the property, making a total consideration of $11,100 for this property.
*196 Thereafter on February 14, Mrs. Adams, being in bad health and having been advised by her physician to discontinue her work activities, conveyed the nursery property to appellee, Mrs. Gaynell Loftin, who assumed the payments of the two deeds of trust against the property and the payment of city and county taxes then due on the property, making a total consideration of approximately $12,000.
Appellant sought to set aside all of the foregoing conveyances and charged that the conveyances were contrived and made of malice, fraud, collusion and guile to delay, hinder and defraud appellant in her claim for damages. All of the defendants answered and denied that the conveyances were fraudulent and alleged that they were made in good faith and for an adequate consideration. Mrs. Adams denied that she had been guilty of any negligence that caused or contributed to Patricia Ann’s injury and that Mr. Adams was a partner in the nursery business. Mr. Adams also denied that he was a partner in the nursery business.
A trial was had upon the issues raised by the pleadings and when appellant rested her case, the court correctly sustained a motion by Mr. Adams to dismiss the bill of complaint as to him because the appellant had failed to prove that he was a partner in the operation of the nursery. After both sides rested the court heard arguments of counsel and rendered an opinion wherein it found that Mrs. Adams was guilty of negligence that resulted in the injuries suffered by Patricia Ann and awarded her damages in the amount of $50,000. The chancellor further, in effect, found as a matter of fact that the conveyances in question were not fraudulent but were conveyances made in good faith for an adequate consideration and dismissed the bill of complaint against the grantees therein.
The record reflects that after both sides had rested, appellant filed a motion for leave to amend her bill of complaint to charge that Mr. and Mrs. Adams in the purchase of the new homestead converted $3,300 which was subject to execution in the new home and thereby attempted to conceal such assets and render them inaccessible to execution. Appellant prayed for a lien to be imposed upon the new home for the amount of their equity in the old homestead. The court overruled this motion and entered a decree in conformance with its opinion.
From this decree appellant appealed to this Court assigning as error '(1) 'the denial of the motion to amend the bill of complaint, (2) the finding that conveyances of real property to Gaynell Loftin, Robert W. King, Nancy Ann Hutson and the First National Bank of Jackson were not fraudulent as to creditors, and (3) in dismissal of the bill of complaint as to Seth D. Adams. Mrs. Adams did not appeal from the $50,000 judgment against her and it is now final.
While amendments are to be liberally allowed, we are of the opinion that the chancellor did not abuse his discretion in overruling the motion to amend under the circumstances of this case. Appellant by her amendments was attempting to impose a lien upon property not included in the original suit. Appellant seeks to justify the delay in making the amendment on newly discovered evidence. The record reflects that prior to the trial of this case interrogatories were propounded to Mrs. Adams and she stated therein that she used a part of the proceeds of the loan received from the bank to make a downpayment on the new homestead. Furthermore, it is apparent from the record that the chancellor in his finding of fact considered the fact that Mrs. Adams used a part of the funds to purchase a new homestead and found that she did so in good faith.
Since appellant in her brief does not pursue the allegation that the loan from the First National Bank was fraudulent, or question the finding of the chancellor that the bank made the loan in good faith, we do not deem it necessary to discuss this transaction. It is sufficient to say that the evi *197 dence supports the finding of the chancellor.
As to the other transactions, appellant relies upon the provisions of Section 265, Mississippi Code 1942 Annotated (1956). This section provides that every gift, grant or conveyances of land, goods, or chattels made by writing or otherwise with the intent or purpose to delay, hinder or defraud creditors shall be deemed and taken as against any person or persons whose debts, suits, demands, estates, or interests shall, or might be, in anywise disturbed, hindered, delayed or defrauded to be clearly and utterly void. However, the section must be read in connection with Section 267 which provides that Section 265 shall not extend to any .estate or interest in any lands, goods, or chattels which shall be “upon good consideration and bona fide lawfully conveyed or assured to any person or persons”.
Hence, where a conveyance is made for an adequate consideration and in good faith, so far as the grantee is concerned, it cannot be set aside by the grantor’s creditors. Osborn v. McCallum, 38 So. 609 (Miss.1905).
If a conveyance is made in good faith for a valuable, though inadequate consideration, it will be sustained to the extent of the consideration and will be given the effect of a mortgage to secure the payment thereof.
If a conveyance is voluntary, one without consideration, which leaves the grantor without property to which creditors may resort, it is void as to creditors. Holman v. Hudson, 188 Miss. 87, 193 So. 628 (1940).
The record reflects that Mrs. Hut-son purchased the former homestead for a total consideration of $11,100. The chancellor found that this was an adequate consideration for the property and that Mrs. Hutson had no knowledge of any claim against Mrs. Adams when she purchased the property. We cannot say the chancellor was manifestly wrong in so finding.
Appellant contends that the sale of the nursery property to Mrs. Loftin was for a grossly inadequate consideration and, in fact, was a voluntary conveyance. She relies upon the fact that Mrs. Loftin did not pay any cash when she purchased the property. However, the chancellor was justified in finding that Mrs. Adams was in ill health and had been advised by her doctor to get out of the nursery business. Mrs. Loftin had been interested in purchasing the nursery for some time and had been discussing the matter with Mrs. Adams on several occasions. Mrs. Loftin had no notice or knowledge of the claim of appellant against Mrs. Adams. She agreed to assume the two existing mortgages on the property and to pay approximately $500 in city and county taxes then due, making a total consideration of $12,000. The evidence shows that the property was in a run-down condition, on a gravel street and not particularly desirable. A qualified real estate appraiser carefully examined the property and testified that the property had a fair market value of $12,500. Under these circumstances the chancellor found that Mrs. Lof-tin had purchased the property in good faith and for an adequate consideration. We cannot say that the chancellor was manifestly wrong in so finding.
Finally, appellant contends that the chancellor was in error in failing to find that the deed to Robert King in payment of his attorney’s fee was void because it was a payment in part for future services. In support of this contention appellant relies upon Selleck v. Pollock, 69 Miss. 870, 13 So. 248 (1892). This case involved an attack upon an assignment for benefit of creditors wherein the assignee preferred certain creditors and among the debts preferred was the debt to an attorney for $1,500 secured by a mortgage. Neither the note, mortgage nor the assignment recited its consideration or made any reference to the character or extent of the services to be rendered. It developed that the attorney *198 had drawn the assignment for the benefit of creditors and that the $1,500 was in payment of this service and for future services in representing the assignor. The Court in holding that the assignment was void stated:
A failing debtor may devote all he has to pay a favored creditor. He may buy property from one, and, before paying for it, may transfer it to another, and prefer him at the expense of the wronged creditor, whom he owes for this very property. A debtor may prefer his creditor by selling property, or by confessing a judgment, or by giving him a mortgage, and in such mortgage he may stipulate for time, and for retention of possession and control of the mortgaged property. He may sell all he has to pay his wife, and then devote his entire time and labor to her service, as against creditors, however meritorious. Great indulgence is shown to special and particular arrangements whereby a debtor secures his creditor, but when one undertakes to make an assignment for the benefit of creditors a higher standard is erected; and if preferences are ventured on, in this form, great strictness prevails, — so great as to make any such attempt extremely hazardous, as the many wrecks strewn along this route attest. It is like the garden of Eden, where all was free for use, except one tree, eating whose forbidden fruit was attended by dire calamity. (69 Miss, at 877, 13 So. at 249).
The case before us does not involve an assignment for the benefit of creditors, but involves the question of whether Mrs. Adams had the right to convey the lot to her attorney in payment of the fixed fee to represent her in the defense of the claim for damages against her. The chancellor held that Mrs. Adams had a right to employ counsel to represent her in this matter and that when she employed him, she immediately owed him a fee. Mr. King agreed to accept the lot in full payment of his fee and the conveyance to him was not fraudulent. We cannot say that the chancellor was wrong in so holding. This transaction is no different than one in which a person employs an attorney to represent them for a fixed fee and pays the attorney at the time of the employment such fee in cash. The fact that a lot was conveyed instead of cash does not alter the situation.
For the reasons stated, we are of the opinion that this case should be and it is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES, and BRADY, JJ., concur.