JOE KANCEVICH, Appellant, v. CUDAHY PACKING COMPANY, Appellee.

NEGLIGENCE: Guards Which Prevent Use of Place. Railings or
.1 guards which would render the place of work useless may be omitted without guilt of negligence in so doing, and especially when the master, to the servant's knowledge, furnishes a temporary guard, which the servant, through his own fault, fails to put in place.

NEGLIGENCE: Unsupported Allegation. Negligence may not be
2 predicated on an order to the servant to go upon an unguarded platform, when there is no evidence whatever that any such order was given.

MASTER AND SERVANT: Necessary Removal of Guard. Negli-
3 gence may not be predicated on the act of the master in removing a railing from a place of work, when such removal, to the fullest knowledge of the servant, was inevitable, in the process

of the work. So held where cars acted as a railing at a loading platform.

**MASTER AND SERVANT:** Insufficient Lights. Defective lights at the servant's place of work cannot be said to be the proximate cause of an injury, when the lights which were furnished by the master as fully apprised the servant of every condition surrounding the work as the most perfect lights would have done.

**MASTER AND SERVANT:** Dangers Unavoidably Attending Work. A place of work is not legally unsafe when the unsafety necessarily and unavoidably results from the nature of the work carried on. So held as to ice which accumulated on a platform during the process of loading ice.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

OCTOBER 25, 1918.

PLAINTIFF alleges he was injured by the negligence of the defendant, without negligence on his part. Verdict is directed against him, and he appeals.—*Affirmed.*

*P. H. Konzen,* for appellant.

*Sears, Snyder & Boughn,* for appellee.

SALINGER, J.—I. There is much testimony, as distinguished from evidence, which has no bearing upon any issue made. In the last analysis, the plaintiff was injured while handling ice buckets, by standing too close to the edge of an elevated platform, with his back towards such edge, and falling from the platform to the ground. The ice supply for the employer of this plaintiff was taken away in cars which, while being loaded, were placed along the edge of this platform. While thus placed, the top of the cars was in such position as virtually to form a widening of the platform, or a guard rail for it. In other words, the plaintiff could not have fallen as he did, had such cars been

1. NEGLIGENCE: guards which prevent use of place.

present at the time when he fell. It is one charge of neg-
ligence that plaintiff was not furnished a safe place to work,
and that there was a wanton disregard of his safety, be-
cause the master failed to provide a guard or railing along
said edge of the platform,—therefore, said platform was im-
properly constructed; and that, without such guard or rail-
ing, there was nothing to protect plaintiff from slipping off
the side of the platform, and falling to the ground below.
The evidence shows that taking the ice away in these cars,
as was done, was a proper method, and the construction of
a permanent guard or railing at this point would practical-
ly have made it impossible to use the cars for taking away
the ice; and that this method of so taking it away was a
method employed to plaintiff's full knowledge. Moreover,
the mere putting up of a board that was at hand, which
plaintiff knew how to put up, and had seen put up in the
past, even if he had not himself done so, would have made as
effective a guard as was needed for his safety. His failure
to use this means of self-protection will alone dispose of the
complaint of the absence of a permanent guard or rail. See
*Holzer v. McManus & Tucker,* 179 Iowa 1206.

### 1a

Another charge is, it was negligence to order plaintiff
to go on this platform and work at his usual work at a time
when defendant knew all cars had been moved away from
the platform. It is possible this does more
than plaintiff intended. While it charges a
negligence, it indicates most clearly that he
was not relying upon any rail or guard on the edge of the
platform, but treated the presence of the cars as such guard
or rail. Be that as it may, there is no evidence whatever
that anyone ordered plaintiff to go upon the platform and
proceed to work, at a time when defendant knew that all the
cars had been moved away from the platform. See *Rook v.
Davenport, R. I. & N. W. R. Co.,* 182 Iowa 227.

2. NEGLIGENCE:
unsupported al-
legation.

1b

The next charge is that defendant was negligent because it moved the cars away from the platform at a time when plaintiff was required to•work thereon, because his

3. MASTER AND SERVANT: necessary removal of guard.

work required that he stand within a few inches of the side of the platform, with his back turned thereto, at times when, as defendant knew, cars standing at the platform were likely to be moved without the knowledge of the plaintiff. We can find no reason for submitting this charge to the jury. The cars could not be well moved while plaintiff was at his work, without his knowing that fact. His consent to work at all was an express agreement that the ice he handled would be taken away in the cars that were placed on the side of this platform. It was useless to place the cars there, if they were not to be taken away. The real complaint at this point seems to be that the cars were moved without giving plaintiff notice or warning of such removal. There is no duty to give notice of self-evident things; to advise another of what he must know, if he use his senses and ordinary reasoning power. Without any notice or warning, this plaintiff must have known well that the cars would be moved away, from time to time. Indeed, it may be said he could scarcely fail to know that a car present while he was at work was being moved away,—and both his sight and hearing were good. Of course, no one had the duty of advising him that, if he stood too close to the edge of the platform, with his back towards it, and kept at work, and cars were moved away before others came to take their place, there existed an unprotected edge, from which the slightest unbalancing or misstep would throw him. See *Haskell v. Kurtz*, 181 Iowa 30. And he was not injured because a car was taken away without warning. None was moved away. None was there, and he knew it.

1c

The only other charge is that the platform was insufficiently lighted, and to such an extent that plaintiff was unable to see there was no car along the edge of the platform. It is true there is testimony that, at the time in question, it was "dark;" but, in the light of all the testimony, this was manifestly a comparative or relative statement. It is the undisputed testimony that there was light enough for plaintiff to see and recognize the features of a workman 30 feet south and about 20 feet below him; and that, had he looked, he could have seen whether a car was or was not along the platform; and that, when he came on to work, he did see no car was present; and that there was sufficient light so he could see all of his surroundings well enough to describe them in detail. He gave details as to his surroundings at the very time, which demonstrates that, while it may have been darker at this time than it was at other times, or than it would have been if more artificial light had been furnished, that in no reasonable sense can it be claimed it was so dark as to prevent his readily seeing that no car was standing on the edge of the platform—and he did see there was none.

4. MASTER AND SERVANT: insufficient lights.

The proximate cause of his injury was a slip on ice. There was no ice when he went to work. It came into existence because some ice would necessarily fall upon the platform as plaintiff worked, and because of his work. He slipped because of ice that he knew must accumulate because of the work,—work that he had been doing for more than a year. He was hurt because his bodily movements did not take into consideration what he knew to be a necessary incident of his work.

5. MASTER AND SERVANT: dangers unavoidably attending work.

The defendant was not negligent, and the plaintiff was. The court rightly directed verdict against him.—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.