PEDELTY THRESHER COMPANY, Appellee, v. CHICAGO, MIL-WAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**NEGLIGENCE:** Willful Failure to Exercise Customary Caution. One who deliberately refuses to do a feasible and accustomed thing, which would have avoided the accident, may not recover of another for the resulting injury. So held where one ran an engine from a loading platform upon a flat car, without equalizing, *with accessible blocks*, the difference in height of the platform and car.

*Appeal from Cerro Gordo District Court.*—J. J. CLARK, Judge.

MARCH 10, 1920.

REHEARING DENIED JULY 6, 1920.

DURING an attempt on part of the employees of plaintiff to unload an engine belonging to plaintiff on a car belonging to defendant, the engine fell from that car. Plaintiff has verdict and judgment for the damage resulting. Defendant appeals.—*Reversed and remanded.*

*Hughes, Sutherland & O'Brien,* and *Blythe, Markley, Rule & Smith,* for appellant.

*Senneff, Bliss & Witwer,* for appellee.

SALINGER, J.—I. Defendant maintained a loading plat-

form. For the purpose of receiving shipments, a flat car was placed along the edge of this platform. Except for sagging alleged by plaintiff, the height of this platform was stationary. The height of the cars differed. It follows there were occasions when the top of the flat car was lower than the top of the loading platform. The employees of plaintiff drove a traction engine, with tender attached, upon the platform. They found a "drop," because the top of the flat car was lower than the top of the platform. There is a conflict as to how much of a drop there was. Witnesses who actually measured testify that, at its west side, the platform was two inches higher than the car, and that, at the east side, it was four inches higher. Appellee contends that the right drive wheel of the engine passed from the platform to the car substantially on a level, but its left drive wheel went upon the car over a drop of from four to eight inches. We will assume that this was the difference in the levels. Whatever complaint plaintiff makes in pleading, it finally concedes that "the accident must have been caused by the drop." It is admitted by the employees of plaintiff that they saw the drop, and discussed what to do about it. It appears without dispute that one of these employees, Grant, the driver, had encountered such drops before, and had dealt with them by using blocking. He testifies that, on the occasion in question, the platform was so much higher than the top of the car that he looked around for some blocks to use, and intended to use them. His fellow employee, Tibbits, suggested that Grant had better get some blocks. Grant says he is not sure whether Tibbits was able to get a little block to put up, and that there was nothing they could get. He admits there might have been some small blocks on the platform, but says he didn't look. On pressure, he testifies that there were always a few blocks lying around there. He testified further that, when Tibbits suggested that they had better get some blocks, he, Grant, expressed the opinion that he didn't think there were any blocks strong enough, and that he thought they would drop onto the flat car all right. In

effect, he concludes his testimony with the statement that he thought they could proceed safely without using blocks, and so went ahead and drove on. The appellee contends that here is the ordinary case of claimed contributory negligence, and that the evidence was in such state that the court was right in submitting contributory negligence to the jury. Its citations make its theory clear. They are cases of which *Templin v. Incorporated City of Boone,* 127 Iowa 91, and *Cook v. Incorporated Town of Hedrick,* 135 Iowa 23, are typical. They are to the effect that contributory negligence is not necessarily made out because one goes upon a dangerous and unsafe place, unless it further is made to appear that he should have known, in the exercise of ordinary care, that it was imprudent for him to pass over such place. And appellee cites *Kambour v. Boston & M. Railroad,* 77 N. H. 33 (86 Atl. 624, at 632), wherein it is held that in rare cases only may the court hold, as a matter of law, that there was contributory negligence. If it could be granted that here is nothing to be considered except the question whether there was or was not contributory negligence, we should affirm. But, in our opinion, the defense here is contributory negligence, mingled with willful assumption of known and appreciated danger. We think defendant may invoke the rule of *Parkhill v. Town of Brighton,* 61 Iowa 103, to the effect that no one may be excused for knowingly and consciously incurring danger which there is no necessity for incurring, and that, in a way, there is room for the rule that a claimant of damages is under duty to do all he reasonably may, to the end of minimizing his injury. We are further of opinion that the case is squarely ruled by *Holzer v. McManus,* 179 Iowa 1206, and *Kancevich v. Cudahy Pack. Co.,* 184 Iowa 799. In the *Holzer* case, we released the master from liability for an injury caused by using an insufficient scaffold, when there was material at hand wherewith to make the scaffold safe, and the servant chose to use one that was insufficient, without any effort to improve its visible condition. In the *Kancevich*

case, an employee was denied recovery where he fell off of a platform because a railroad car had been withdrawn from the edge thereof. It would have greatly inconvenienced operation to place a rail on the edge of this platform, but there was a board at hand which the employee, could have put up, and doing so would have kept him harmless though no car remained at the edge of the platform.

The judgment appealed from must be reversed, because the defense presents and proves more than reasonable mistake on whether a dangerous thing is dangerous,—more than the reasonable use of judgment on whether a thing may safely be done. It is proved that there was a deliberate refusal to do a feasible, accustomed thing, the use of which would have avoided the accident.—*Reversed and remanded.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.